ACCEPTED
05-25-00536-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
8/20/2025 8:34 AM
RUBEN MORIN
CLERK

CAUSE NO. 05-25-00536-CV

IN THE COURT OF APPEALS FOR
THE FIFTH DISTRICT AT
DALLAS, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
8/20/2025 8:34:22 AM
Ruben Morin
Clerk

FODAY S. FOFANAH AND HAWA FOFANNI
Appellants,

v.

ROCKWALL RENTAL PROPERTIES, LP
Appellee.

On Appeal from the 422nd District Court,
Kaufman County, Texas; Cause No. 118630-422

## BRIEF OF APPELLEE ROCKWALL RENTAL PROPERTIES, LP

Thomas Maxwell Smith
State Bar No. 24110379
max@jnrichardslawpc.com

J.N. RICHARDS LAW, P.C.
407 E. Corsicana Street
Athens, Texas 75751
Telephone: (903) 676-9202
Facsimile:  (817) 518-9286

**APPELLATE COUNSEL FOR
APPELLANT ROCKWALL RENTAL
PROPERTIES, LP**

ORAL ARGUMENT NOT REQUESTED

## PARTIES AND COUNSEL

### Appellants Foday Fofanah and Hawa Fofanah

Foday S. Fofanah, *pro se*
FODAYRADO2016@GMAIL.COM
Hawa Fofanah, *pro se*
HAWAJAY22@GMAIL.COM
1576 CR 303
Terrell, Texas 75160


### Appellee Rockwall Rental Properties, LP

Trial Counsel
James N. Richards
J.N. RICHARDS LAW, P.C.
407 E. Corsicana Street
Athens, Texas 75751

Appellate Counsel
Thomas Maxwell Smith
J.N. RICHARDS LAW, P.C.
407 E. Corsicana Street
Athens, Texas 75751


### Trial Judge

Honorable Shelton Gibbs IV
422ND DISTRICT COURT OF KAUFMAN COUNTY, TEXAS
1902 US HWY 175
Kaufman, Texas 75142

# TABLE OF CONTENTS

Parties and Counsel.................................................................................ii

Table of Contents....................................................................................iii

Index of Authorities................................................................................vi

Statement of the Case............................................................................ ix

Oral Argument Statement.......................................................................xi

Issues Presented....................................................................................xii

    **Issue 1.** Did the trial court properly grant summary judgment where Appellants failed to produce competent evidence raising a genuine dispute of material fact as to wrongful foreclosure, usury, misrepresentation, or breach of contract?....................xii

    **Issue 2.** Did the foreclosure comply with Texas Property Code § 51.002(d) where the record reflects that all statutory notices were sent and Appellants' contrary assertions are unsupported by admissible evidence?..................................... xii

    **Issue 3.** Did Rockwall Rental Properties breach the deed of trust or deny Appellants a cure opportunity, where the record shows Appellants were in default and no contractual or statutory obligation required additional payoff statements beyond those already provided?................................................................xii

    **Issue 4.** Did Appellants establish usury under Texas Finance Code §§ 302.001 or 305.001, where the note expressly authorized the interest charged, and Appellants failed to present evidence of unlawful rates or actual usurious collection?..........................xii

    **Issue 5.** Did Appellants create a fact issue as to misrepresentation, where they identified no false statement of material fact by Appellee, and their payoff challenges are conclusory and unsupported?...............................................................xiii

    **Issue 6.** Did the trial court err in granting summary judgment, where Appellee's summary judgment evidence was competent,

unrebutted, and conclusively established its right to judgment as a matter of law?.................................................................**xiii**

Issue 7. Were Appellants deprived of due process, where the record shows they were properly served with filings and notices under the Texas Rules of Civil Procedure, and their complaints of non-receipt are contradicted by proof of service?.................................................................. **xiii**

Statement of Facts.................................................................1

Summary of Argument.......................................................... 5

Standard of Review..............................................................7

Argument and Authorities....................................................... 9

    I.    The Trial Court Correctly Granted Summary Judgment Because Appellants Failed to Raise a Genuine Issue of Material Fact......................................................**9**

        **A.** Appellants' Claims of Procedural Defects in Foreclosure under Property Code § 51.002(d) Are Unsupported by the Record.................................................**9**

        **B.** Appellants' Usury Allegations Fail as a Matter of Law. **11**

        **C.** Appellants' Claims of Misrepresentation and Breach of Contract Lack Evidentiary Support...............................**13**

        **D.** Appellants' Breach of Contract Claims Are Without Merit.....................................................................**15**

        **E.** Texas Does Not Recognize an Implied Covenant of Good Faith and Fair Dealing in Foreclosure Proceedings.......................................................... **18**

    **II.**    The Trial Court Properly Rejected Appellants' Due Process Complaints Because Service and Notice in relation to the Motion for Summary Judgment as well as the notice under Texas Property Code § 51.002(d) Were Sufficient Under Texas

Law..................................................................................**19**

    **A.** Compliance with Texas Rules Satisfies Due Process Requirements................................................................**19**

    **B.** The Record Establishes Proper Service of All Notices and Pleadings..................................................................**20**

    **C.** Appellants' Unsupported Claims of Non-Receipt Are Legally Insufficient..........................................................**22**

**III.** The Award of Attorney's Fees and Tax Reimbursement Was Proper and Supported by the Record.......................................**23**

    **A.** Attorney's Fees..............................................................**24**

    **B.** Tax Reimbursement........................................................**25**

Conclusion and Prayer........................................................................**26**

Certificate of Compliance....................................................................**28**

Certificate of Service..........................................................................**29**

Appendix:

    **Tab A** - Final Summary Judgment (CR 190-194)

    **Tab B** - Order Denying Motion to Reinstate (CR 230-231)

    **Tab C** - Notice of Appeal (CR 260-271)

    **Tab D** - Amended Notice of Appeal (CR 272-283)

    **Tab E** - Promissory Note (CR 134-136)

    **Tab F** - Deed of Trust (CR 137-144)

    **Tab G** - Notice under Texas Property Code § 51.002(d) (CR 150-154)

    **Tab H** - Payment Ledger (CR 145-146)

# INDEX OF AUTHORITIES

## Cases

*Baines v. Mensing,*
    75 Tex. 200, 12 S.W. 984 (Tex. 1889)......................................................**14**

*Casso v. Brand,*
    776 S.W.2d 551 (Tex. 1989)............................................................. **7**

*Cliff v. Huggins,*
    724 S.W.2d 778 (Tex. 1987)........................................................ **15, 16**

*City of Houston v. Clear Creek Basin Auth.,*
    589 S.W.2d 671 (Tex. 1979)............................................................ **7**

*City of Keller v. Wilson,*
    168 S.W.3d 802 (Tex. 2005).......................................................... **8**

*Employers' Nat'l Life Ins. Co. v. Willits,*
    436 S.W.2d 918 (Tex. Civ. App.—Amarillo 1968, writ ref'd n.r.e.).....**22**

*English v. Fischer,*
    660 S.W.2d 521 (Tex. 1983)........................................................ **18**

*FDIC v. Coleman,*
    795 S.W.2d 706 (Tex. 1990)........................................................ **19, 20**

*Figueroa v. West,*
    902 S.W.2d 701 (Tex. App.—El Paso 1995, no writ)......................... **15**

*Holley v. Watts,*
    629 S.W.2d 694 (Tex. 1982)......................................................... **11, 13**

*Khan v. GBAK Properties, Inc.,*
    371 S.W.3d 347 (Tex. App. 2012)............................................................**9**

*Montgomery v. Kennedy,*
    669 S.W.2d 309 (Tex. 1984)...................................................................**8**

*Morris v. State,*
    894 S.W.2d 22 (Tex. App.—Austin 1994, writ dism'd w.o.j.)..............**19**

*Mustang Pipeline Co. v. Driver Pipeline Co.,*
    134 S.W.3d 195 (Tex. 2004)..................................................................**17**

*Nixon v. Mr. Property Management Co.,*
    690 S.W.2d 546 (Tex. 1985)............................................................. **7, 8**

*Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.,*
    574 S.W.3d 882 (Tex. 2019)..................................................................**16**

*Peralta v. Heights Medical Ctr., Inc.,*
    485 U.S. 80, 108 S. Ct. 896 (1988).......................................................**20**

*Provident Life and Accident Insurance Co. v. Knott,*
    128 S.W.3d 211 (Tex. 2003)....................................................................**7**

*Ramos v. Richardson,*
    228 S.W.3d 671 (Tex. 2007)..................................................................**11**

*Rayon v. Energy Specialties, Inc.,*
    121 S.W.3d 7 (Tex. App.-Fort Worth 2002, no pet.)..............................**8**

*Rubalcaba v. Pac./Atlantic Crop Exch.,*
    952 S.W.2d 552 (Tex. App.—El Paso 1997, no writ).................... **13, 14**

*Science Spectrum Inc. v. Martinez,*

      941 S.W.2d 910 (Tex. 1997)..................................................................... **7**

*Texaco, Inc. v. Phan,*

      137 S.W.3d 763 (Tex. App.—Houston [1st Dist.] 2004, no pet.).. **22, 23**

*Triple Crown Moving & Storage, LLC v. Ackerman,*

      632 S.W.3d 626 (Tex. App.—El Paso 2020, pet. denied).....................**23**

*Walker v. Brodhead,*

      828 S.W.2d 278 (Tex. App.—Austin 1992, writ denied)......................**20**

## Statutes and Other Sources

TEX. CIV. PRAC. & REM. CODE § 38.001(B)(8)....................................................**24**

TEX. FIN. CODE § 302.001...................................................................................**13**

TEX. FIN. CODE § 305.001...................................................................................**13**

TEX. PROP. CODE § 51.002(D)........................................**2, 5, 9, 10, 11, 19, 20, 26**

TEX. R. CIV. P. 9.5(C)(1)....................................................................................**10**

TEX. R. CIV. P. 21A.............................................................................................**16**

TEX. R. CIV. P. 21A(A)(1)...................................................................................**21**

TEX. R. CIV. P. 21A(A)(2)...................................................................................**21**

TEX. R. CIV. P. 21A(B)(1)...................................................................................**22**

TEX. R. CIV. P. 166A...........................................................................................**7**

TEX. TAX CODE § 33.06.......................................................................................**25**

## STATEMENT OF THE CASE

This appeal arises from a real property foreclosure dispute between Appellants Foday Fofanah and Hawa Fofanah and Appellee Rockwall Rental Properties, LP Appellants executed a promissory note secured by a deed of trust on property located at 1576 County Road 303, Terrell, Kaufman County, Texas. After Appellants defaulted, Appellee commenced foreclosure proceedings under the deed of trust. (CR 10–12, 55–58).

Appellants filed suit in the 422nd Judicial District Court of Kaufman County on October 8, 2024, asserting claims for trespass to try title, wrongful foreclosure, usury, misrepresentation, and breach of contract. (CR 10–21). Appellee answered and moved for traditional summary judgment (CR 119-129), demonstrating that foreclosure was properly conducted and that Appellants' claims failed as a matter of law. (CR 60–63, 101–117).

On February 11, 2025, the trial court granted Appellee's motion for summary judgment (CR 190-196), awarding possession of the property to Appellee and entering judgment in the amount of $34,667.02, consisting of property tax reimbursements of $29,679.71 and attorney's fees of $4,905.00 and costs of court. (CR 190–194).

Appellants filed a Motion to Reinstate on March 3, 2025 (CR 199–208) and an Expedited Motion to Reconsider, Vacate, and Set Aside the judgment on April 21, 2025 (CR 256–259), both of which were denied.[1] (CR 230, Supp. CR 12). Appellants filed a notice of appeal on May 2, 2025 (CR 260-271), and an amended notice of appeal on May 6, 2025. (CR 272-283).

---

[1] It should be noted that the Expedited Motion to Reconsider, Vacate, and Set Aside the judgment on April 21, 2025 was filed by Appellants' via the Texas eFile system (CR 259).

## ORAL ARGUMENT STATEMENT

Oral argument is not requested. The legal and factual issues presented in this appeal are fully briefed and do not require oral argument. The record and briefs adequately present the matters for the Court's consideration.

## ISSUES PRESENTED

1. **Did the trial court properly grant summary judgment where Appellants failed to produce competent evidence raising a genuine dispute of material fact as to wrongful foreclosure, usury, misrepresentation, or breach of contract?**

**Answer:** Yes. Appellants offered no admissible summary judgment evidence to support their claims. By contrast, Appellee's evidence conclusively established default, compliance with the promissory note and deed of trust, and the absence of any actionable conduct on the part of Appellee.

2. **Did the foreclosure comply with Texas Property Code § 51.002(d) where the record reflects that all statutory notices were sent and Appellants' contrary assertions are unsupported by admissible evidence?**

**Answer:** Yes. The Clerk's Record shows that all notices required by § 51.002(d) were timely served via mail as is required by the statute. Appellants' allegations of non-receipt are legally insufficient to defeat summary judgment.

3. **Did Rockwall Rental Properties breach the deed of trust or deny Appellants a cure opportunity, where the record shows Appellants were in default and no contractual or statutory obligation required additional payoff statements beyond those already provided?**

**Answer:** No. The Appellee provided Appellants a cure opportunity pursuant to Texas law and the deed of trust. The record shows Appellants were in material default, and Appellee fully complied with its contractual and statutory obligations.

4. **Did Appellants establish usury under Texas Finance Code §§ 302.001 or 305.001, where the note expressly authorized the interest charged, and Appellants failed to present evidence of unlawful rates or actual usurious collection?**

**Answer:** No. The note provided for the rate charged, which was within statutory limits, and Appellants presented no evidence of collection of interest exceeding lawful limits.

5. Did Appellants create a fact issue as to misrepresentation, where they identified no false statement of material fact by Appellee, and their payoff challenges are conclusory and unsupported?

**Answer:** No. Appellants failed to identify any misrepresentation of material fact, and their conclusory complaints about payoff figures do not constitute summary judgment evidence.

6. Did the trial court err in granting summary judgment, where Appellee's summary judgment evidence was competent, unrebutted, and conclusively established its right to judgment as a matter of law?

**Answer:** No. The trial court correctly granted judgment because Appellee carried its burden with competent summary judgment evidence, and Appellants failed to raise a genuine issue of material fact.

7. Were Appellants deprived of due process, where the record shows they were properly served with filings and notices under the Texas Rules of Civil Procedure, and their complaints of non-receipt are contradicted by proof of service?

**Answer:** No. The record contains proof of service and mailing, which satisfies due process under Texas law. Appellants' bare assertions of non-receipt do not establish any deprivation of due process.

## STATEMENT OF FACTS

This case arises from Appellants' default under a promissory note and deed of trust and the subsequent lawful foreclosure of the property at issue. The trial court properly granted summary judgment in favor of Appellee Rockwall Rental Properties because the record establishes default, compliance with all contractual and statutory requirements, and the absence of any evidence supporting Appellants' claims.

### I. The Loan and Deed of Trust

On January 14, 2020, Appellants Foday Fofanah and Hawa Fofanah executed a promissory note (CR 80-82) in favor of Rockwall Rental Properties, LP, secured by a deed of trust (CR 83-90) against their property located at 1576 County Road 303 in Terrell, Kaufman County, Texas (CR 11–14, 43-44). The note expressly authorized the repayment terms, interest (CR 80), and remedies in the event of default (CR 81), including acceleration and foreclosure (CR 95-98). Appellants failed to make the required payments, thereby placing the loan in material default (CR 71–78).

## II. Notices and Foreclosure Proceedings

Soon after executing the promissory note, Appellants defaulted in their payment obligations by missing their second payment on March 28, 2020 (CR 134-145).

After default, Rockwall Rental Properties authorized foreclosure proceedings to begin against Defendants and accelerated the maturity date of the Note in September 2021 as reflected in the default interest rate being compounded beginning on September 21, 2021 (CR 144-145). The change in interest rate was in accordance with the terms of the January 14, 2020 promissory note (CR 80-82). A notice of acceleration was sent on March 15, 2024 in accordance with Tex. Prop. Code § 51.002(d) (CR 150-154).

On April 9, 2024, Richards Law sent a Notice of Acceleration (CR 95-96) and Notice of Foreclosure Sale & Appointment of Substitute Trustee to Appellants. The Notice of Sale was posted and filed with the Kaufman County Clerk on April 15, 2024 at 4:32 PM as evidenced by the Clerk's file stamp (CR 163).

On May 7, 2024, Appellee purchased the Property at the May foreclosure sale as the result of a foreclosure of the deed of trust recorded

at Instrument Number 2020-0001931 in the Real Property Records of Kaufman County, Texas (CR 164-167).

## III. Trial Court Proceedings

Instead of curing their default, Appellants filed suit on October 8, 2024 asserting claims for wrongful foreclosure, usury, misrepresentation, and breach of contract (CR 10–21). Their allegations rested primarily on bare assertions that notices were not received and that payoff figures were inaccurate (CR 11-13).

Appellee moved for traditional summary judgment, supporting its motion with evidence consisting of the promissory note (CR 80-82) and deed of trust (CR 83-90), proper notices (CR 150-163), affidavits (CR 132-133, 148-149), and substitute trustee's deed (CR 164-167)—all of which conclusively demonstrated default and compliance with the law (CR 101–122, 150–194).

The Motion for Summary Judgment was served on Appellants on January 13, 2025 at 1:39 PM CST (CR 186). Likewise, the Notice of Hearing on Motion for Summary Judgment was served on January 13, 2025 at 3:58 PM CST.

Appellants failed to respond to the motion for traditional summary judgment, thereby failing to present any admissible summary judgment evidence raising a genuine issue of material fact (CR 190-194). On February 11, 2025, the trial court granted summary judgment, awarding possession and entering judgment for Appellee in the amount of $34,667.02, which included property tax reimbursements and attorney's fees (CR 190–194). Appellants' subsequent motions to reinstate and reconsider (CR 230) were denied. This appeal followed upon Appellant's filing of a Notice of Appeal (CR 260-284).

## SUMMARY OF ARGUMENT

The trial court properly granted summary judgment in favor of Appellee because Appellants failed to raise genuine issues of material fact on any of their claims.

Appellants' allegations of procedural defects in the foreclosure process are contradicted by uncontroverted record evidence demonstrating full compliance with TEX. PROP. CODE § 51.002(D), including proper mailing of required notices via certified and first-class mail, which satisfies Texas law's requirement of proof of mailing rather than receipt.

Appellants' usury claims fail as a matter of law because the promissory note authorized an 8% annual interest rate well below statutory limits, was only increased in accordance with the promissory note, and contained comprehensive usury savings clauses that cap interest at lawful rates, making it legally impossible to prove the essential elements of usury.

Appellants' fraud and misrepresentation claims lack the specificity required under Texas law and fail to identify the essential elements of actionable fraud, offering only conclusory allegations without evidence of specific false statements, the speaker, timing, or reliance. Furthermore, no evidence exists in the record to corroborate the conclusory allegations.

Appellants' breach of contract claims are without merit because they cannot identify specific contractual provisions allegedly breached, they materially breached their own payment obligations as demonstrated by the amortization schedule, and they have proven no damages.

Any implied covenant of good faith and fair dealing claim fails because Texas law expressly rejects such a duty in foreclosure proceedings absent special relationships.

Appellants' due process complaints fail because the record establishes full compliance with Texas procedural requirements for service and notice, and their bare assertions of non-receipt cannot overcome the legal presumption of proper mailing and email service without clear, positive, and disinterested evidence.

Finally, the trial court's award of $34,667.02 in attorney's fees and tax reimbursement was proper and supported by express contractual provisions in both the promissory note and deed of trust, along with uncontroverted evidence of reasonableness and necessity.

## STANDARD OF REVIEW

When the Court of Appeals reviews a trial court's granting of a traditional motion for summary judgment, the standard of review is de novo.

The standard of review for a traditional motion for summary judgment is well established. A traditional summary judgment under TEX. R. CIV. P. 166A is properly granted when the movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law with respect to all of the claims and causes of action asserted against that defendant. *Provident Life and Accident Insurance Co. v Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Science Spectrum Inc v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997) (citing *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548-549 (Tex. 1985). If the movant's motion and summary judgment evidence fail to establish the right to judgment as a matter of law, the burden does not shift to the non-movant. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Rather, the burden only shifts to the non-movant after the movant has established he is entitled to summary judgment as a matter of law. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989). Only then must the non-movant produce summary judgment evidence to raise a genuine issue of material fact. Id.

A material fact issue is 'genuine' only if the evidence is "such that a reasonable jury could find the fact in favor of the nonmoving party." *Rayon v. Energy Specialties, Inc.*, [121 S.W.3d 7](#) (Tex. App.-Fort Worth 2002, no pet.). To determine if the non-movant raises a fact issue, the trial court must review the evidence "in the light most favorable to the nonmovant." *City of Keller v. Wilson*, [168 S.W.3d 802, 827](#) (Tex. 2005). Further, the trial court must take as true all evidence favorable to the non-movant, and draw every reasonable inference and resolve all doubts in favor of the non-movant. *Montgomery v. Kennedy*, [669 S.W.2d 309, 310-11](#) (Tex. 1984). Stated another way, when a Defendant files a traditional motion for summary judgment, the trial court must resolve every reasonable inference in favor of the non-movant, and take all evidence favorable to the non-movant as true. *Nixon*, [690 S.W.2d at 548-549](#).

---

[2] The court should note that appellants' have made a number of "factual contentions" within their brief that are not supported by the record and those should not be considered.

I. **The Trial Court Correctly Granted Summary Judgment Because Appellants Failed to Raise a Genuine Issue of Material Fact**

A. **Appellants' Claims of Procedural Defects in Foreclosure under Property Code § 51.002(d) Are Unsupported by the Record**

Appellants contend that they did not receive the statutory notice of default and intent to accelerate required by Tex. Prop. Code § 51.002(d). The record, however, clearly establishes full compliance.

Appellants cite to *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347 (Tex. App. 2012) to support their position on Property Code Section 51.002(d), but *Khan* case does not contain any discussion of, or even mention, Section 51.002(d) notice requirements or a 20-day cure period. *Khan* case states at the outset that it centers around "certain commercial property located on Crabb River Road in Richmond, Texas." *Khan*, 371 S.W.3d at 347. Therefore, the 20-day cure period would not apply to that case.

Appellants state in their brief that "In this case, the foreclosure notice sent by Rockwall on April 12, 2024, combined both the notice of acceleration and the notice of sale, and demanded payment by May 7, 2024. The record does not contain, and Rockwall has not produced, any prior default notice providing the required twenty-day cure period." (Appellants'

Brief, p. 11). This statement is simply not true.

The Business Records Affidavit of Whitney L. Richard (CR 148-149) authenticates the letter sent pursuant to TEX. PROP. CODE § 51.002(D) on March 15, 2024 (CR 150-151 and Tab G). That letter was sent to Foday Fofanah and Hawa Fofanah, 1576 County Road 303, Terrell, TX 75160 and stated that "You are notified that if the default is not cured within twenty (20) days from the date of posting of this letter, Rockwall Rental Properties, LP intends to enforce its rights under the loan documents…" (CR 150). That letter confirms that Rockwall Rental Properties mailed the required notices of default and intent to accelerate in accordance with TEX. PROP. CODE § 51.002(D) and the deed of trust (CR 83-90).

The record further establishes that the letter was mailed via CMRR 9589 0710 5270 1041 4026 83 and USPS First Class Mail to the aforementioned recipients (CR 150). The delivery attempt of the Certified Mail was made on March 19, 2024 at 12:48 p.m. and a reminder was sent on March 24, 2024 as also evidenced by the record (CR 152-154).[3]

Texas law is clear that proof of mailing, not proof of receipt, satisfies the statute. TEX. R. CIV. P. 9.5(C)(1). Rule 9.5(c)(1) states that "Service by mail is complete on mailing. TEX. R. CIV. P. 9.5(C)(1). Further case law

---

[3] The letter was also sent by Regular Mail.

supports thai as well. The mailbox rule "states a document is deemed timely filed if it is sent to the proper clerk by first-class mail in a properly addressed, stamped envelope." *Ramos v. Richardson*, [228 S.W.3d 671, 673](#) (Tex. 2007). Appellees served a notice of acceleration on (CR 95-96) and properly posted a foreclosure sale notice (CR 97-101).

These steps taken by Appellee fully satisfy [TEX. PROP. CODE § 51.002(D)](#) and therefore Appellants' procedural defect claim fails as a matter of law.

## B. Appellants' Usury Allegations Fail as a Matter of Law

Appellants alleged that Rockwall Rental Properties charged usurious interest. This claim is unsupported by the record.

The Texas Supreme Court has held that "The essential elements of a usurious transaction are: (1) a loan of money; (2) an absolute obligation that the principal be repaid; and (3) the exaction of a greater compensation than allowed by law for the use of the money by the borrower." *Holley v. Watts*, [629 S.W.2d 694, 696](#) (Tex. 1982).

The promissory note executed January 14, 2020 expressly authorized an annual interest rate of eight percent (8.0%) on the unpaid principal amount, which is well below Texas usury limits for commercial transactions (CR 80-82). The rate only increases after the borrower defaults and does not

11

exceed the usury limit (CR 80-82). Furthermore, the note contains a comprehensive usury savings clause that explicitly states: "Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the Principal Amount or, if the Principal Amount has been paid, refunded." (CR 81).

Additionally, the note's provision regarding interest on matured, unpaid amounts is expressly limited by law. The note states that such amounts "will bear interest at the rate of 1.5% per month or at the highest lawful rate, whichever is less." This contractual language demonstrates that even the default interest rate is capped at the maximum rate permitted by law, ensuring compliance with Texas usury statutes. The phrase "whichever is less" operates as an additional safeguard against any potential usury violation, as it subordinates the contractual rate to applicable legal limits.

The absence of any proof of unlawful rates is fatal. Appellants' conclusory allegations regarding the calculation of interest (CR 12) are not competent summary judgment evidence of usury.

Given the foregoing, Appellants cannot establish that any usurious

interest was charged or collected, rendering their usury claim legally insufficient as a matter of law. This is especially so due to the clause in the promissory note which states "Any interest in excess of that maximum amount will be credited on the Principal Amount or, if the Principal Amount has been paid, refunded." This is an undisputed fact that it is impossible for Appellant to prove the second element of a claim for usury which is "(2) an absolute obligation that the principal be repaid…" *Holley,* 629 S.W.2d at 696.

Furthermore, nothing in the note reflects interest exceeding the maximum lawful rate under TEX. FIN. CODE § 302.001 and TEX. FIN. CODE § 305.001.

Because of the foregoing, Appellants' usury allegations fail as a matter of law.

### C. Appellants' Claims of Misrepresentation and Breach of Contract Lack Evidentiary Support

Appellants allege that Rockwall Rental Properties made misrepresentations regarding the loan and foreclosure process (CR 10–21). These allegations fail for two independent reasons: lack of specificity and absence of supporting evidence.

First, under Texas law, fraud and misrepresentation claims must be pleaded with particularity. *Rubalcaba v. Pac./Atlantic Crop Exch.* states that:

> In order to prevail on the actionable fraud cause of action, Appellees must satisfy all elements of the tort. *Allen v. Allen*, 751 S.W.2d 567, 574 (Tex.App.--Houston [14th Dist.] 1988, writ denied); *Stephanz v. Laird*, 846 S.W.2d 895, 903 (Tex.App.--Houston [1st Dist.] 1993, writ denied). Fraud is never presumed, and when it is alleged, the facts sustaining it must be clearly shown. *Stephanz*, 846 S.W.2d at 903…In accordance with the above cases, all the elements of fraud and all facts constituting fraud must be properly pleaded to satisfy an allegation of fraud.

*Rubalcaba v. Pac./Atlantic Crop Exch.*, 952 S.W.2d 552, 556 (Tex. App.—El Paso 1997, no writ)

Appellants' petition makes only conclusory statements that Defendant "misrepresented the amount due for the purpose of inducing Plaintiff through the material misrepresentation as to the amount owed" (CR 16). This fails to meet the Rubalcaba standard because it does not identify: (1) who made the specific misrepresentation; (2) when and how it was communicated; (3) the exact false statement made; (4) knowledge of its falsity; or (5) specific reliance by Appellants. As the Texas Supreme Court held over a century ago, "Merely to characterize an act as fraudulent does not make it a good allegation of fraud . . . No amount of mere denunciating of it as a fraud could make it so. The facts constituting the fraud must be alleged." *Baines v. Mensing,* 75 Tex. 200, 12 S.W. 984, 985 (Tex. 1889) (quoted in *Rubalcaba*, 952 S.W.2d at 556).

Second, even accepting Appellants' allegations as true, they fail to establish the required elements of misrepresentation. The petition identifies

14

no specific false statement of fact, only disputes about loan calculations and payment amounts. General disagreements over contract interpretation or mathematical calculations do not constitute actionable misrepresentation without proof of intentional falsity. See *Figueroa v. West*, 902 S.W.2d 701, 707 (Tex. App.—El Paso 1995, no writ) (articulating a similar concept which is that a "[f]ailure to perform a future act is fraud only when there is no intent to perform the act at the time the representation is made").

### D. Appellants' Breach of Contract Claims Are Without Merit

Appellants also asserted breach of contract claims, alleging that Appellee failed to provide accurate payoff statements and otherwise violated the deed of trust (CR 10–21). These claims are proven to be false by the record.

In support of this claim, Appellants' rely on *Cliff v. Huggins* citing it as Supreme Court precedent that establishes a "borrower's substantive right to redeem by paying the correct amount and found foreclosure improper where the lender failed to afford that opportunity." (Appellants' Brief, p. 12). However, *Cliff v. Huggins* is a case that addresses the standard of review for a motion for new trial and to set aside a post-answer default judgment. It

does not reference borrowers rights in relation to payoffs.[4]

"Breach of contract requires pleading and proof that (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). The record clearly demonstrates that Appellants failed to establish each of these elements.

First, Appellants have not identified any specific contractual provision that was allegedly breached. Their petition and brief claim that interest had been charged in the amount of 18% compounded over the 8% compounded interest that Plaintiffs were already paying (CR 12 and Appellants' Brief, p. 13) but there are no facts in the record whatsoever to support this contention. The amortization schedule attached to the Business Records Affidavit of Richard Dirkse demonstrates the actual application of contractual terms: the note began with an 8% annual interest rate, which was properly increased to 18% annual interest (1.5% per month as outlined

---

[4] In fact, *Cliff v. Huggins*, supports the arguments made by Appellee in Section II.C. of its Arguments and Authorities section of this brief. The case states, "...Rule 21a sets up a presumption that when notice of trial setting properly addressed and postage prepaid is mailed, that the notice was duly received by the addressee." *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987).

in the note) on September 21, 2021 (CR 145), as permitted by the promissory note (CR 80-82). There is no evidence that there was "compounding over" or double-charging of interest and there, in fact, was none as Appellants incorrectly allege. The 1.5% monthly rate referenced in the note applies only to "matured, unpaid amounts" under the default provisions of the promissory note (CR 80-82).

Second, Appellants failed to perform their own contractual obligations. The amortization schedule (CR 145-146) reveals significant gaps in payments leading to the activations of the default provisions under the promissory note (CR 145-146). A party who has materially breached a contract cannot maintain an action for the other party's alleged breach. *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004). It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance. Id.

Third, Appellants have not identified any actual damages flowing from the alleged breach. Their claims center on disputes over payoff calculations in relation to money that they actually owe to Appellees. The previously referenced amortization schedule provides detailed documentation of the

application of interest and principal (CR 145-146).

Finally, Appellants' allegation that Rockwall failed to provide accurate payoff statements is contradicted by the record, which shows that payoff figures were provided by Rick Dirkse (CR 40-41) in response to a May 17, 2022 email request for payoff request (CR 38). A payoff amount was provided (CR 40-41) upon request and the amortization schedule (CR 145-146) demonstrates Rockwall's accounting and the proper application of contractual terms throughout the loan relationship.

Because Appellants cannot establish the essential elements of breach of contract, their claims fail as a matter of law.

### E. Texas Does Not Recognize an Implied Covenant of Good Faith and Fair Dealing in Foreclosure Proceedings

Finally, Section II of Appellants' Brief refers to an argument that Rockwall Rental Properties breached an implied duty of good faith and fair dealing in its foreclosure conduct (Appellant's Brief 12). This claim fails outright because Texas law does not recognize such a duty in the foreclosure context.

The Texas Supreme Court has held that, absent a special relationship such as insurer–insured, there is no general duty of good faith and fair dealing in contractual relationships. *English v. Fischer*, 660 S.W.2d 521, 522

(Tex. 1983). Courts specifically reject attempts to impose such a duty between mortgagor and mortgagee in foreclosure proceedings. *FDIC v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990).

Here, the relationship between Appellants and Rockwall Rental Properties was governed exclusively by the promissory note (CR 80-82) and deed of trust (CR 83-90). Imposing an implied covenant of good faith and fair dealing would contradict established Texas precedent. Accordingly, this claim fails as a matter of law.

## II. The Trial Court Properly Rejected Appellants' Due Process Complaints Because Service and Notice in relation to the Motion for Summary Judgment as well as the notice under Texas Property Code § 51.002(d) Were Sufficient Under Texas Law

Appellants contend that they were deprived of procedural due process because they allegedly did not receive various notices and court filings. This argument fails because the record establishes full compliance with Texas procedural requirements, and bare assertions of non-receipt do not overcome proof of proper service.

### A. Compliance with Texas Rules Satisfies Due Process Requirements

Due process requires only notice reasonably calculated to apprise parties of pending actions. *Morris v. State*, 894 S.W.2d 22, 25 (Tex.

App.—Austin 1994, writ dism'd w.o.j.) (citing to *Peralta v. Heights Medical Ctr., Inc.*, 485 U.S. 80, 84, 108 S. Ct. 896 (1988); *Walker v. Brodhead*, 828 S.W.2d 278, 280 (Tex. App.--Austin 1992, writ denied). "Due process requires only that the method of notice utilized be reasonably calculated, under the circumstances, to apprise an interested party of the pendency of the action and afford the party the opportunity to present objections." *Walker v. Brodhead*, 828 S.W.2d at 280 (citing Peralta, 485 U.S. at 84-85).

## B. The Record Establishes Proper Service of All Notices and Pleadings

### 1. 20-Day Notice pursuant to Texas Property Code § 51.002(d)

The notices contained attached to the Business Records Affidavit of Whitney L. Richard establishes that the March 15, 2024 notice letter to Appellants' was compliant with TEX. PROP. CODE § 51.002(D) was mailed to Appellants via certified mail (CMRR 9589 0710 5270 1041 4026 83) and first-class mail to Appellants' property address (CR 150-154). The Notice of Acceleration and Notice of Foreclosure Sale & Appointment of Substitute Trustee were properly served on Appellants' on April 9, 2024 via certified mail (CMRR 9589 0710 5270 1041 4028 50) and first-class mail to Appellants' property address. (CR 155-163). The Notice of Sale was posted and filed

with the Kaufman County Clerk on April 15, 2024 at 4:32 PM as evidenced by the Clerk's file stamp (CR 163).

## 2. Summary Judgment Motion and Notice of Hearing

From the very outset of the litigation, and as required by Appellants' signature lines provided their email addresses. They appeared as follows:

Foday S. Fofanah
1576 CR 303
Terrell, Texas 75160
Fodayrado2016@gmail.com

Hawa Fofanah
1576 CR 303
Terrell. Texas 75160
hawajay22@gmail.com

Both Tᴇx. R. Cɪᴠ. P. 21ᴀ(ᴀ)(1) and Tᴇx. R. Cɪᴠ. P. 21ᴀ(ᴀ)(2) permit service of filings via email.[5]

The Motion for Summary Judgment was properly served on Appellants via email on January 13, 2025 at 1:39 PM CST, as evidenced by the electronic filing record showing service to Hawa Fofanah at Hawajay22@gmail.com (CR 186) and Foday S. Fofanah at Fodayrado2016@gmail.com (CR 186). Likewise, the Notice of Hearing on Motion for Summary Judgment was similarly served via email on January 13, 2025 at 3:58 PM CST, as evidenced by the electronic filing record showing service to Hawa Fofanah at Hawajay22@gmail.com (CR 189) and Foday S. Fofanah at

---

[5] The Court should note that capitalization of the characters in an email address do not affect the destination of an email.

Fodayrado2016@gmail.com (CR 189).

Both the Motion for Summary Judgment as well as the Notice of Hearing on the Motion for Summary Judgment included a certificate of service showing compliance with the Texas Rules of Civil Procedure.

## C. Appellants' Unsupported Claims of Non-Receipt Are Legally Insufficient

Texas law creates a rebuttable presumption of receipt from proof of mailing. Tex. R. Civ. P. 21A(B)(1). When a document is properly addressed, stamped, and mailed, the law presumes "that the letter was received by the addressee in due course." *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.). A mere denial of receipt is not conclusive to rebut the presumption when such denial "and merely presents a fact issue for the factfinder" which the factfinder must then weigh. Id.

The presumption of receipt is only overcome conclusively when "the evidence tending to support the contrary inference is conclusive, or so clear, positive, and disinterested that it would be unreasonable not to give effect to it as conclusive." Id. (citing *Employers' Nat'l Life Ins. Co. v. Willits*, 436 S.W.2d 918, 921 (Tex. Civ. App.—Amarillo 1968, writ ref'd n.r.e.)). As the factfinder, a trial court "is given great latitude to believe or to disbelieve a witness's testimony, particularly if the witness is interested in the outcome."

Id. at 768.

Here, Appellants offered no evidence beyond bare assertions of non-receipt. They presented no evidence of changed addresses, mail delivery problems, or other circumstances supporting their claims, unlike cases where appellants provided compelling evidence of non-receipt with supporting affidavits from disinterested witnesses. See *Triple Crown Moving & Storage, LLC v. Ackerman*, 632 S.W.3d 626, 635 (Tex. App.—El Paso 2020, pet. denied). Appellants here offer only self-interested denials that fall far short of the "clear, positive, and disinterested" evidence required to conclusively overcome the presumption. *Texaco*, 137 S.W.3d at 767.

Appellant's arguments are insufficient as a matter of law to establish any constitutional violation. Because Appellee complied with all service requirements and Appellant has failed to raise any compelling evidence of non-receipt, the trial court correctly rejected Appellants' due process complaints.

### III. The Award of Attorney's Fees and Tax Reimbursement Was Proper and Supported by the Record

The trial court's judgment included recovery of $34,667.02, which encompassed attorney's fees and reimbursement of property taxes paid by Appellee to protect its collateral interest (CR 190–194). Both categories of

recovery were proper and supported by the record. (CR 267).

## A. Attorney's Fees

The Trial Court's Final Judgment of February 11, 2025 awarded $4,905.00 in attorney's fees to Appellee and that award should be upheld as it is supported by the evidence contained within the record.

Attorney's fees are recoverable in suits on a note or contract under [TEX. CIV. PRAC. & REM. CODE § 38.001(B)(8)](#). The promissory note (CR 80-82) and deed of trust (CR 83-90) (CR 12–14, 55–58) executed by Appellants expressly provided for recovery of attorney's fees incurred in enforcing the debt. The promissory note states "Borrower also promises to pay reasonable attorney's fees and court and other costs if this note is placed in the hands of an attorney to collect or enforce the note." (CR 81). In Section B.5., the deed of trust states, "If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Granter on demand for any amounts so paid, including  attorney's fees…" (CR 85). It also states in Section D.17. that 17. "Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement." (CR 89). It is undisputed that

Appellants' executed bit the promissory note (CR 82) and deed of trust (CR 90).

Appellee's motion for summary judgment included an affidavit from counsel attesting to the reasonableness and necessity of the fees incurred (CR 177-185). Appellants offered no evidence controverting the affidavit.

### B. Tax Reimbursement

The Trial Court's Final Judgment of February 11, 2025 awarded $29,679.71 for payment of ad valorem taxes paid by Defendant Rockwall Rental Properties, LP and that award should be upheld as it is supported by the evidence contained within the record. (CR 267).

The deed of trust authorizes Appellee to advance funds for payment of property taxes if Appellants failed to do so, and to recover such sums as part of the secured debt (CR 55–58). It states in Section A.2. that:

> Grantor agrees to…pay all taxes and assessments on the Property before delinquency, not authorize a taxing entity to transfer its tax lien on the Property to anyone other than Lender, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code…"

(CR 84). The deed of trust goes on to state in Section B.5. that:

> If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. This amount to be reimbursed will be secured by this deed of trust.

(CR 84).

The summary judgment record contains proof that Appellee advanced tax payments to prevent the property from accruing penalties and tax liens (CR 175). Courts routinely uphold reimbursement of such advances under the terms of a deed of trust.

Because both the attorney's fees and tax reimbursements were expressly authorized by contract and supported by uncontroverted evidence, the trial court's award was proper and should be affirmed.

## CONCLUSION AND PRAYER

The trial court correctly granted summary judgment in favor of Appellee Rockwall Rental Properties, LP The record establishes Appellants' default, Appellee's compliance with the deed of trust and TEX. PROP. CODE § 51.002(D), and the absence of any competent summary judgment evidence to support claims of wrongful foreclosure, usury, misrepresentation, breach of contract, or denial of due process. Appellee's summary judgment evidence was unrebutted and conclusively demonstrated its entitlement to judgment as a matter of law.

**WHEREFORE, PREMISES CONSIDERED,** Appellee Rockwall Rental Properties, LP respectfully requests that this Honorable Court:

26

1. Affirm the trial court's Final Summary Judgment in all respects;
2. Award Appellee its costs of court and expenses incurred in this appeal;
3. In the alternative, award Appellee such further relief as may be equitable, including attorney's fees for defending this appeal if permitted under applicable law; and
4. Grant Appellee such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

*/s/ Thomas Maxwell Smith*
Thomas Maxwell Smith
State Bar No. 24110379
max@jnrichardslawpc.com
James N. Richards

J.N. RICHARDS LAW, P.C.
407 E. Corsicana Street
Athens, Texas 75751
Telephone: (903) 676-9202
Facsimile:  (817) 518-9286

APPELLATE COUNSEL FOR APPELLANT
ROCKWALL RENTAL PROPERTIES, LP

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitations of Texas Rule of Appellate Procedure 9.4(i)(2)(B) because it contains 5,652 words excluding the portions exempted by Texas Rule of Appellate Procedure 9.4(i)(1).

2. This brief complies with the typeface requirements of Texas Rule of Procedure 9.4(e) because it has been prepared in a proportionally spaced typeface using "Microsoft Word 365" in fourteen (14) point "Century" style font.

Respectfully submitted,

*/s/ Thomas Maxwell Smith*
Thomas Maxwell Smith

## CERTIFICATE OF SERVICE

I certify that on August 19, 2025 in compliance with Texas Rule of Appellate Procedure 9.5.1, I served a true and correct copy of the foregoing document by E-service to:

Foday Fofanah, *pro se*
FODAYRADO2016@GMAIL.COM
Hawa Fofanah, *pro se*
HAWAJAY22@GMAIL.COM

1576 CR 303
Terrell, Texas 75160

*PRO SE*


Respectfully submitted,

*/s/ Thomas Maxwell Smith*
Thomas Maxwell Smith

# TAB A

Tab A - Final Summary
Judgment (CR 190-194)

FODAY S. FOFANAH, HAWA §   IN THE DISTRICT COURT
FOFANAH and ALL OTHER §
OCCUPANTS of 1576 CR 303 §
TERRELL, TEXAS 75160, §
*Plaintiff* §
§
§
§
§   422ND JUDICIAL DISTRICT
§
§
v. §
§
§
ROCKWALL RENTAL §   KAUFMAN COUNTY, TEXAS
PROPERTIES, LP
*Defendant*

## FINAL JUDGMENT

ON THIS DATE, came before the Court for consideration the Motion for Summary Judgment filed in this cause by Defendant Rockwall Rental Properties, LP. The Court, after examining the pleadings timely filed, the motion for summary judgment, any responses filed, and the summary judgment evidence admitted for consideration, determined that Defendant Rockwall Rental Properties, LP is entitled to summary judgment as follows:

THE COURT FINDS that Rockwall Rental Properties, LP was owed, after all offsets and credits, $570,000.00 on the loan evidenced by the Note and Deed of Trust executed by Foday Fofanah and Hawa Fofanah on January 14, 2020.

THE COURT FURTHER FINDS that Rockwall Rental Properties, LP by and through Richards Law did each of the following:

1. Sent a notice which included a 20-day cure period to Plaintiffs in compliance with **Tex. Prop. Code § 51.002(d)**;

Summary Judgment

Page 1 of 5

190

2. Sent a notice of the sale to Plaintiffs and filed such notice of sale with the Kaufman County Clerk at least 21 days prior to the sale in compliance with **Tex. Prop. Code § 51.002(b)**; and,

3. On May 7, 2024, James N. Richards as substitute trustee, foreclosed the deed of trust lien as set forth in the Substitute Trustee's Deed recorded in the Kaufman County Real Property Records at 2024-0015553.

4. The foreclosure which took place on the Property, conducted by James N. Richards as substitute trustee, was valid.

THE COURT FURTHER FINDS that the monthly installment payment on the Note was $3,000.00 per month and that Rockwall Rental Properties, LP properly accounted for payments that were made on the loan.

THE COURT FURTHER FINDS that the Note allows interest for 1.5% per month, which equates to interest for 18% per annum on matured, unpaid amounts and that the loan accelerated its maturity on September 21, 2021 and that this is within the applicable rate ceilings under Texas law.

THE COURT FURTHER FINDS that Rockwall Rental Properties, LP provided accurate payoff amounts to Plaintiffs Foday S. Fofanah and Hawa Fofanah in compliance with the Note, Deed of Trust, and Texas law and that Plaintiffs did not pay the amount Rockwall Rental Properties, LP rightfully demanded under the Note and Deed of Trust and therefore Plaintiffs did not rely upon any representations made by Rockwall Rental Properties, LP.

THE COURT FURHTER FINDS that Rockwall Rental Properties, LP paid $29,679.71 in ad valorem property taxes on the Property which such ad valorem tax liability was the

responsibility of Plaintiffs Foday S. Fofanah and Hawa Fofanah pursuant to **Tex. Tax Code §
32.07**.

THE COURT FURTHER FINDS that Rockwall Rental Properties, LP incurred $4,905.00
in reasonable and necessary attorney's fees along with $82.31 of costs of court and these amounts
are equitable and just pursuant to **Texas Civil Practice & Remedies Code § 37**.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Rockwall Rental
Properties, LP is entitled to a judicial declaration pursuant to **Texas Civil Practice & Remedies
Code § 37.004(a)** that Rockwall Rental Properties, LP complied with the Note, Deed of Trust, and
Texas law in relation to the foreclosure of the lien on May 7, 2024 on the property with legal
description as follows:

**BEING ALL THAT CERTAIN TRACT OR PARCEL OF LAND IN THE JOHN C.
HALE SURVEY, A-202, KAUFMAN COUNTY, TEXAS, AND BEING ALL THAT
CALLED 25.051 ACRE TRACT AS CONVEYED FROM D. W. MYERS, JR., AND
DORIS E. MYERS TO JESSIE H. LAWSON ET UX, AS RECORDED IN VOLUME
1091, PAGE 169, OF THE DEED RECORDS OF KAUFMAN COUNTY, TEXAS, AND
BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:**

**BEGINNING AT A FLAT IRON BAR FOUND FOR CORNER AT THE WEST
CORNER OF SAID TRACT, SAID POINT BEING IN THE NORTHEAST LINE OF
COUNTY ROAD NO. 303;**

**THENCE N43°54'00"E, ALONG THE NORTHWEST LINE OF SAID TRACT, A
DISTANCE OF 1925.04 FEET TO A ½" IRON ROD FOUND FOR CORNER;**

**THENCE S45°25'33"E, A DISTANCE OF 573.32 FEET TO A ½" IRON ROD SET FOR
CORNER;**

**THENCE S44°08'39"W, ALONG THE SOUTHEAST LINE OF SAID TRACT, A
DISTANCE OF 1910.94 FEET TO A ½" IRON ROD SET FOR CORNER;**

**THENCE N44°38'54"W, ALONG THE NORTHEAST LINE OF COUNTY ROAD NO.
303, A DISTANCE OF 43.00 FEET TO A ½" IRON ROD SET FOR CORNER; .**

**THENCE N47°01'43"W, CONTINUING ALONG THE NORTHEAST LINE OF SAID
COUNTY ROAD NO. 303, A DISTANCE OF 522.22 FEET TO THE POINT OF
BEGINNING AND CONTAINING 25.052 ACRES OF LAND, MORE OR LESS.**

Summary Judgment

Page 3 of 5

Referred to herein as "the Property" above and for the remainder of this Judgment.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED the property taxes are the personal obligation of the person who owns or acquires a property on January 1 of the year for which the tax is imposed; that property taxes are the personal liability of the person who owns the property; and that Plaintiffs Foday S. Fofanah and Hawa Fofanah are jointly and severally liable for the ad valorem taxes paid by Defendant Rockwall Rental Properties, LP in the amount of $29,679.71.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that Plaintiffs Foday S. Fofanah and Hawa Fofanah were in default under the Note and Deed of Trust, that Defendant Rockwall Rental Properties, LP complied with the Note, Deed of Trust, and Texas law in relation to the foreclosure proceedings against Plaintiffs and Rockwall Rental Properties, LP now owns a the Property in fee simple by virtue of the Substitute Trustee's deed recorded in the Real Property Records of Kaufman County, Texas at Instrument Number 2024-0015553.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Rockwall Rental Properties, LP have and recover of and from Foday S. Fofanah and Hawa Fofanah the sum of Twenty-nine Thousand Six Hundred Seventy-nine dollars and Seventy-one cents ($29,679.71) plus attorney's fees in the amount of Four Thousand Nine Hundred Five dollars and Zero cents ($4,905.00) plus costs of court in the amount of Eighty-two dollars and Thirty-one cents ($82.31) with post-judgment interest thereon at the rate of eight and one-half percent (8.5%) per annum from the date of this judgment until paid. The total amount Foday S. Fofanah and Hawa Fofanah is liable to Rockwall Rental Properties, LP is Thirty Thousand Six Hundred Sixty-seven dollars and Two cents ($34,667.02).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs Foday S.

Fofanah and Hawa Fofanah take nothing on their claims.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that all other relief not given in this judgment is denied and this judgment is final and disposes of all remaining claims of all parties. Defendant Rockwall Rental Properties, LP is allowed such writs and processes as may be necessary in the enforcement and collection of this judgment.

SIGNED ON ___February 11_ 2025___

_____
Judge Presiding

# TAB B

Tab B - Order Denying
Motion to Reinstate (CR
230-231)

Filed: 4/4/2025 9:37 AM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Brandy Thomas

## CAUSE NO. 118630-422

| | | |
|---|---|---|
| FODAY S. FOFANAH, HAWA FOFANAH and ALL OTHER OCCUPANTS of 1576 CR 303 TERRELL, TEXAS 75160, *Plaintiff* | § § § § § § § § § § § | IN THE DISTRICT COURT |
| | | |
| | | 422ND JUDICIAL DISTRICT |
| v. | § § § § | |
| ROCKWALL RENTAL PROPERTIES, LP *Defendant* | § | KAUFMAN COUNTY, TEXAS |

### ORDER ON PLAINTIFFS' MOTION TO REINSTATE

ON April 3, 2025, came before the Court for consideration the Plaintiffs' Motion to Reinstate filed Hawa Fofanah. The Court, after examining the pleadings timely filed, the motion, any responses filed, and the evidence admitted for consideration, determined that the Motion to Reinstate should be **DENIED**.

SIGNED ON _____ 4/4/2025 _____

_____
Judge Presiding

Page 1 of 1

230

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nicole Pool on behalf of James Richards
Bar No. 24091810
nicole@jnrichardslawpc.com
Envelope ID: 99269026
Filing Code Description: Proposed Order
Filing Description: Order Denying Plaintiff's Motion to Reinstate
Status as of 4/4/2025 9:38 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Nate Richards | | nate@jnr.law | 4/3/2025 6:20:30 PM | SENT |
| Whitney Richards | | whitney@jnr.law | 4/3/2025 6:20:30 PM | SENT |
| Nicole Pool | | nicole@jnrichardslawpc.com | 4/3/2025 6:20:30 PM | SENT |
| Clayton Gaddis | | clayton@jnr.law | 4/3/2025 6:20:30 PM | SENT |
| Kimberly Mitchell | | kimberly@jnr.law | 4/3/2025 6:20:30 PM | SENT |
| Hawa Fofanah | | Hawajay22@gmail.com | 4/3/2025 6:20:30 PM | SENT |
| FODAY SFOFANAH | | Fodayrado2016@gmail.com | 4/3/2025 6:20:30 PM | SENT |

# TAB C

Tab C - Notice of Appeal
(CR 260-271)

FILED FOR RECORD
KAUFMAN COUNTY
TEXAS

2025 MAY -2 PM 12: 15

RHONDA HUGHEY
DISTRICT CLERK

BY  BT       DEPUTY

CAUSE NO. 118630-422

| | | |
|---|---|---|
| **FODAY FOFANAH, HAWA FOFANAH** | § | **IN THE DISTRICT** |
| **COURT and ALL OTHER OCCUPANTS** | § | |
| **Appellants,** | § | |
| | § | |
| **v.** | § | **KAUFMAN COUNTY TEXAS** |
| | § | |
| **ROCKWALL RENTAL** | § | |
| **PROPERTIES, LP** | § | |
| **Appellee.** | § | **422nd JUDICIAL DISTRICT** |

## NOTICE OF APPEAL

COMES NOW Foday S. Fofanah and Hawa Fofanah, the undersigned parties on behalf

of Foday Fofanah, Hawa Fofanah and All OTHER OCCUPANTS of 1576 CR 303, Terrell,

Texas 75160, Appellants and files this their Notice of Appeal and for cause would show the

following:

### I.
### PARTIES

1.    Appellants Foday Fofanah, Hawa Fofanah and All Other Occupants of 1576 CR 303, Terrell,

Texas 75160 Kaufman County, Texas (hereinafter "Fofanah") are individuals and can be served at

1576 CR 303, Terrell Texas, 75160 email address fodayrado2016@gmail.com for Foday

Fofanah or hawajay22@gmail.com for Hawa Fofanah.

2.    Appellee ROCKWALL RENTAL PROPERTIES, LP can be served via its Attorney of

Record James Nathan Richards at 407 E. Corsicana Street, Athens, Texas 75751 214-559-7387 phone

817-518-9286 fax. nate@jnrichardslawpc.com.

**NOTICE OF APPEAL**                                                                                              **1 of 3**

3.    Pursuant to Texas Rule of Civil Procedure 25.1(d) Plaintiff makes this Notice of Appeal.

4.    This is an appeal of the matter entitled and numbered: FODAY FOFANAH, HAWA FOFANAH and ALL OTHER OCCUPANTS v. ROCKWALL PROPERTIES, LP Cause No. 118630-422.

5.    Appeal is being taken from the Court's February 11, 2025, Judgment for Appellee in the Motion for Summary Judgment. A true and correct copy of the Judgment is attached is hereto as Exhibit "A".

6.    And the Court's denial of Appellants' Motion to Reinstate. A true and correct copy of the Denial of the Motion to Reinstate is attached is hereto as Exhibit "B".

7.    Foday S. Fofanah desires to appeal.

8.    Hawa Fofanah desires to appeal.

9.    This Appeal is being taken to the Texas Fifth District Court of Appeals.

10.   The parties filing this Notice are Appellant, Foday Fofanah and Hawa Fofanah on behalf of themselves and All Other Occupants

Respectfully submitted,

FODAY FOFANAH
1576 CR 303
Terrell, Texas 75160

fodayrado2016@gmail.com
972-639-2030 PH

HAWA FOFANAH
1576 CR 303
Terrell, Texas 75160
hawajay22@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been delivered to Attorney for Appellee this _____ day May, 2025 according to the Texas Rules of Civil Procedure at:

James Nathan Richards
407 E. Corsicana Street
Athens, Texas 75751

214-559-7387 phone
817-518-9286 fax

nate@jnrichardslawpc.com email

_____
Foday Fofanah

_____
Hawa Fofanah

EXHIBIT A

**CAUSE NO. 118630-422**

| | | |
|---|---|---|
| FODAY S. FOFANAH, HAWA FOFANAH and ALL OTHER OCCUPANTS of 1576 CR 303 TERRELL, TEXAS 75160, *Plaintiff* | § § § § § § § § § § | IN THE DISTRICT COURT |
| | § | |
| | § | 422ND JUDICIAL DISTRICT |
| | § | |
| v. | § § | |
| | § | |
| ROCKWALL RENTAL PROPERTIES, LP *Defendant* | § | KAUFMAN COUNTY, TEXAS |

## FINAL JUDGMENT

ON THIS DATE, came before the Court for consideration the Motion for Summary Judgment filed in this cause by Defendant Rockwall Rental Properties, LP. The Court, after examining the pleadings timely filed, the motion for summary judgment, any responses filed, and the summary judgment evidence admitted for consideration, determined that Defendant Rockwall Rental Properties, LP is entitled to summary judgment as follows:

THE COURT FINDS that Rockwall Rental Properties, LP was owed, after all offsets and credits, $570,000.00 on the loan evidenced by the Note and Deed of Trust executed by Foday Fofanah and Hawa Fofanah on January 14, 2020.

THE COURT FURTHER FINDS that Rockwall Rental Properties, LP by and through Richards Law did each of the following:

1. Sent a notice which included a 20-day cure period to Plaintiffs in compliance with **Tex. Prop. Code § 51.002(d)**;

264

2. Sent a notice of the sale to Plaintiffs and filed such notice of sale with the Kaufman County Clerk at least 21 days prior to the sale in compliance with **Tex. Prop. Code § 51.002(b)**; and,

3. On May 7, 2024, James N. Richards as substitute trustee, foreclosed the deed of trust lien as set forth in the Substitute Trustee's Deed recorded in the Kaufman County Real Property Records at 2024-0015553.

4. The foreclosure which took place on the Property, conducted by James N. Richards as substitute trustee, was valid.

THE COURT FURTHER FINDS that the monthly installment payment on the Note was $3,000.00 per month and that Rockwall Rental Properties, LP properly accounted for payments that were made on the loan.

THE COURT FURTHER FINDS that the Note allows interest for 1.5% per month, which equates to interest for 18% per annum on matured, unpaid amounts and that the loan accelerated its maturity on September 21, 2021 and that this is within the applicable rate ceilings under Texas law.

THE COURT FURTHER FINDS that Rockwall Rental Properties, LP provided accurate payoff amounts to Plaintiffs Foday S. Fofanah and Hawa Fofanah in compliance with the Note, Deed of Trust, and Texas law and that Plaintiffs did not pay the amount Rockwall Rental Properties, LP rightfully demanded under the Note and Deed of Trust and therefore Plaintiffs did not rely upon any representations made by Rockwall Rental Properties, LP.

THE COURT FURHTER FINDS that Rockwall Rental Properties, LP paid $29,679.71 in ad valorem property taxes on the Property which such ad valorem tax liability was the

responsibility of Plaintiffs Foday S. Fofanah and Hawa Fofanah pursuant to **Tex. Tax Code §** **32.07**.

THE COURT FURTHER FINDS that Rockwall Rental Properties, LP incurred $4,905.00 in reasonable and necessary attorney's fees along with $82.31 of costs of court and these amounts are equitable and just pursuant to **Texas Civil Practice & Remedies Code § 37**.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Rockwall Rental Properties, LP is entitled to a judicial declaration pursuant to **Texas Civil Practice & Remedies Code § 37.004(a)** that Rockwall Rental Properties, LP complied with the Note, Deed of Trust, and Texas law in relation to the foreclosure of the lien on May 7, 2024 on the property with legal description as follows:

**BEING ALL THAT CERTAIN TRACT OR PARCEL OF LAND IN THE JOHN C. HALE SURVEY, A-202, KAUFMAN COUNTY, TEXAS, AND BEING ALL THAT CALLED 25.051 ACRE TRACT AS CONVEYED FROM D. W. MYERS, JR., AND DORIS E. MYERS TO JESSIE H. LAWSON ET UX, AS RECORDED IN VOLUME 1091, PAGE 169, OF THE DEED RECORDS OF KAUFMAN COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:**

**BEGINNING AT A FLAT IRON BAR FOUND FOR CORNER AT THE WEST CORNER OF SAID TRACT, SAID POINT BEING IN THE NORTHEAST LINE OF COUNTY ROAD NO. 303;**

**THENCE N43°54'00"E, ALONG THE NORTHWEST LINE OF SAID TRACT, A DISTANCE OF 1925.04 FEET TO A ½" IRON ROD FOUND FOR CORNER;**

**THENCE S45°25'33"E, A DISTANCE OF 573.32 FEET TO A ½" IRON ROD SET FOR CORNER;**

**THENCE S44°08'39"W, ALONG THE SOUTHEAST LINE OF SAID TRACT, A DISTANCE OF 1910.94 FEET TO A ½" IRON ROD SET FOR CORNER;**

**THENCE N44°38'54"W, ALONG THE NORTHEAST LINE OF COUNTY ROAD NO. 303, A DISTANCE OF 43.00 FEET TO A ½" IRON ROD SET FOR CORNER; .**

**THENCE N47°01'43"W, CONTINUING ALONG THE NORTHEAST LINE OF SAID COUNTY ROAD NO. 303, A DISTANCE OF 522.22 FEET TO THE POINT OF BEGINNING AND CONTAINING 25.052 ACRES OF LAND, MORE OR LESS.**

Referred to herein as "the Property" above and for the remainder of this Judgment.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED the property taxes are the personal obligation of the person who owns or acquires a property on January 1 of the year for which the tax is imposed; that property taxes are the personal liability of the person who owns the property; and that Plaintiffs Foday S. Fofanah and Hawa Fofanah are jointly and severally liable for the ad valorem taxes paid by Defendant Rockwall Rental Properties, LP in the amount of $29,679.71.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that Plaintiffs Foday S. Fofanah and Hawa Fofanah were in default under the Note and Deed of Trust, that Defendant Rockwall Rental Properties, LP complied with the Note, Deed of Trust, and Texas law in relation to the foreclosure proceedings against Plaintiffs and Rockwall Rental Properties, LP now owns a the Property in fee simple by virtue of the Substitute Trustee's deed recorded in the Real Property Records of Kaufman County, Texas at Instrument Number 2024-0015553.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Rockwall Rental Properties, LP have and recover of and from Foday S. Fofanah and Hawa Fofanah the sum of Twenty-nine Thousand Six Hundred Seventy-nine dollars and Seventy-one cents ($29,679.71) plus attorney's fees in the amount of Four Thousand Nine Hundred Five dollars and Zero cents ($4,905.00) plus costs of court in the amount of Eighty-two dollars and Thirty-one cents ($82.31) with post-judgment interest thereon at the rate of eight and one-half percent (8.5%) per annum from the date of this judgment until paid. The total amount Foday S. Fofanah and Hawa Fofanah is liable to Rockwall Rental Properties, LP is Thirty Thousand Six Hundred Sixty-seven dollars and Two cents ($34,667.02).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs Foday S.

Fofanah and Hawa Fofanah take nothing on their claims.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that all other relief not given in this judgment is denied and this judgment is final and disposes of all remaining claims of all parties. Defendant Rockwall Rental Properties, LP is allowed such writs and processes as may be necessary in the enforcement and collection of this judgment.

SIGNED ON _February 11 2025_

_____
Judge Presiding

THE STATE OF TEXAS
COUNTY OF KAUFMAN

I Rhonda Hughey, District Clerk of Kaufman County, Texas do hereby certify this is a true and correct copy filed in the records of the Kaufman County District Clerk's Office. Given under my hand and seal of said office on this 18TH day of FEBRUARY 2025
RHONDA HUGHEY, DISTRICT CLERK
Kaufman County, Texas

By_____ DEPUTY

Summary Judgment



# EXHIBIT B

Electronically Serv
Filed: 4/4/2025 9:37 AM 4/8/2025 11:53 /
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Brandy Thomas

## CAUSE NO. 118630-422

| | | |
|---|---|---|
| FODAY S. FOFANAH, HAWA FOFANAH and ALL OTHER OCCUPANTS of 1576 CR 303 TERRELL, TEXAS 75160, *Plaintiff* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br>422ND JUDICIAL DISTRICT |
| v. | | |
| ROCKWALL RENTAL PROPERTIES, LP *Defendant* | | KAUFMAN COUNTY, TEXAS |

### ORDER ON PLAINTIFFS' MOTION TO REINSTATE

ON April 3, 2025, came before the Court for consideration the Plaintiffs' Motion to Reinstate filed Hawa Fofanah. The Court, after examining the pleadings timely filed, the motion, any responses filed, and the evidence admitted for consideration, determined that the Motion to Reinstate should be **DENIED**.

SIGNED ON _____ 4/4/2025 _____

_____
Judge Presiding

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nicole Pool on behalf of James Richards
Bar No. 24091810
nicole@jnrichardslawpc.com
Envelope ID: 99269026
Filing Code Description: Proposed Order
Filing Description: Order Denying Plaintiff's Motion to Reinstate
Status as of 4/4/2025 9:38 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Nate Richards | | nate@jnr.law | 4/3/2025 6:20:30 PM | SENT |
| Whitney Richards | | whitney@jnr.law | 4/3/2025 6:20:30 PM | SENT |
| Nicole Pool | | nicole@jnrichardslawpc.com | 4/3/2025 6:20:30 PM | SENT |
| Clayton Gaddis | | clayton@jnr.law | 4/3/2025 6:20:30 PM | SENT |
| Kimberly Mitchell | | kimberly@jnr.law | 4/3/2025 6:20:30 PM | SENT |
| Hawa Fofanah | | Hawajay22@gmail.com | 4/3/2025 6:20:30 PM | SENT |
| FODAY SFOFANAH | | Fodayrado2016@gmail.com | 4/3/2025 6:20:30 PM | SENT |

# TAB D

Tab D - Amended Notice of
Appeal (CR 272-283)

FILED FOR RECORD
KAUFMAN COUNTY
TEXAS

2025 MAY -6 PM 2:51

NO. HUGHEY
DISTRICT CLERK
BY BH DEPUTY

## CAUSE NO. 118630-422

| | | |
|---|---|---|
| **FODAY FOFANAH, HAWA FOFANAH** | § | **IN THE DISTRICT** |
| **COURT and ALL OTHER OCCUPANTS** | § | |
| **Appellants,** | § | |
| | § | |
| **v.** | § | **KAUFMAN COUNTY TEXAS** |
| | § | |
| **ROCKWALL RENTAL** | § | |
| **PROPERTIES, LP** | § | |
| | § | |
| **Appellee.** | § | **422nd JUDICIAL DISTRICT** |

Amended

## NOTICE OF APPEAL

COMES NOW Foday S. Fofanah and Hawa Fofanah, the undersigned parties on behalf of Foday Fofanah, Hawa Fofanah and All OTHER OCCUPANTS of 1576 CR 303, Terrell, Texas 75160, Appellants and files this their Notice of Appeal and for cause would show the following:

### I.
### PARTIES

1.     Appellants Foday Fofanah, Hawa Fofanah and All Other Occupants of 1576 CR 303, Terrell, Texas 75160 Kaufman County, Texas (hereinafter "Fofanah") are individuals and can be served at 1576 CR 303, Terrell Texas, 75160 email address fodayrado2016@gmail.com for Foday Fofanah or hawajay22@gmail.com for Hawa Fofanah.

2.     Appellee ROCKWALL RENTAL PROPERTIES, LP can be served via its Attorney of Record James Nathan Richards at 407 E. Corsicana Street, Athens, Texas 75751 214-559-7387 phone 817-518-9286 fax. nate@jnrichardslawpc.com.

**NOTICE OF APPEAL**                                                                                   **1 of 3**

 _Amended_

## NOTICE OF APPEAL

3.  Pursuant to Texas Rule of Civil Procedure 25.1(d) Plaintiff makes this Notice of Appeal.

4.  This is an appeal of the matter entitled and numbered: FODAY FOFANAH, HAWA FOFANAH and ALL OTHER OCCUPANTS v. ROCKWALL PROPERTIES. LP Cause No. 118630-422.

5.  Appeal is being taken from the Court's February **11**, 2025, Judgment for Appellee in the Motion for Summary Judgment. A true and correct copy of the Judgment is attached is hereto as Exhibit "A".

6.  And the Court's denial of Appellants' Motion to Reinstate. A true and correct copy of the Denial of the Motion to Reinstate is attached is hereto as Exhibit "B".

7.  Foday S. Fofanah desires to appeal.

8.  Hawa Fofanah desires to appeal.

9.  This Appeal is being taken to the Texas Fifth District Court of Appeals.

10. The parties filing this Notice are Appellant, Foday Fofanah and Hawa Fofanah on behalf of themselves and All Other Occupants

Respectfully submitted

HAWA  FOFANAH

1576 CR 30 Terrell, Texas.  75160

FODAY FOFANAH

1576 CR 30 Terrell, Texas  75160

fodayrado2016@gmail.com

HAWA FOFANAH
1576 CR 303
Terrell, Texas 75160
hawajay22@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been delivered to Attorney for Appellee this _____ day May, 2025 according to the Texas Rules of Civil Procedure at:

James Nathan Richards
407 E. Corsicana Street
Athens, Texas 75751

214-559-7387 phone
817-518-9286 fax

nate@jnrichardslawpc.com email

Foday Fofanah

Hawa Fofanah

**NOTICE OF APPEAL**

3 of 3

# EXHIBIT A

FILED FOR RECORD
KAUFMAN COUNTY
TEXAS

'25 FEB 11 PH 2:06

| | | |
|---|---|---|
| FODAY S. FOFANAH, HAWA FOFANAH and ALL OTHER OCCUPANTS of 1576 CR 303 TERRELL, TEXAS 75160, *Plaintiff* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT

DISTRICT CLERK

BY $\mathcal{KW}$ DEPUTY |
| | § | 422ND JUDICIAL DISTRICT |
| v. | §<br>§<br>§<br>§<br>§ | |
| ROCKWALL RENTAL PROPERTIES, LP *Defendant* | § | KAUFMAN COUNTY, TEXAS |

## FINAL JUDGMENT

ON THIS DATE, came before the Court for consideration the Motion for Summary Judgment filed in this cause by Defendant Rockwall Rental Properties, LP. The Court, after examining the pleadings timely filed, the motion for summary judgment, any responses filed, and the summary judgment evidence admitted for consideration, determined that Defendant Rockwall Rental Properties, LP is entitled to summary judgment as follows:

THE COURT FINDS that Rockwall Rental Properties, LP was owed, after all offsets and credits, $570,000.00 on the loan evidenced by the Note and Deed of Trust executed by Foday Fofanah and Hawa Fofanah on January 14, 2020.

THE COURT FURTHER FINDS that Rockwall Rental Properties, LP by and through Richards Law did each of the following:

1. Sent a notice which included a 20-day cure period to Plaintiffs in compliance with **Tex. Prop. Code § 51.002(d)**;

Summary Judgment

Page 1 of 5



276

2. Sent a notice of the sale to Plaintiffs and filed such notice of sale with the Kaufman County Clerk at least 21 days prior to the sale in compliance with **Tex. Prop. Code § 51.002(b)**; and,

3. On May 7, 2024, James N. Richards as substitute trustee, foreclosed the deed of trust lien as set forth in the Substitute Trustee's Deed recorded in the Kaufman County Real Property Records at 2024-0015553.

4. The foreclosure which took place on the Property, conducted by James N. Richards as substitute trustee, was valid.

THE COURT FURTHER FINDS that the monthly installment payment on the Note was $3,000.00 per month and that Rockwall Rental Properties, LP properly accounted for payments that were made on the loan.

THE COURT FURTHER FINDS that the Note allows interest for 1.5% per month, which equates to interest for 18% per annum on matured, unpaid amounts and that the loan accelerated its maturity on September 21, 2021 and that this is within the applicable rate ceilings under Texas law.

THE COURT FURTHER FINDS that Rockwall Rental Properties, LP provided accurate payoff amounts to Plaintiffs Foday S. Fofanah and Hawa Fofanah in compliance with the Note, Deed of Trust, and Texas law and that Plaintiffs did not pay the amount Rockwall Rental Properties, LP rightfully demanded under the Note and Deed of Trust and therefore Plaintiffs did not rely upon any representations made by Rockwall Rental Properties, LP.

THE COURT FURHTER FINDS that Rockwall Rental Properties, LP paid $29,679.71 in ad valorem property taxes on the Property which such ad valorem tax liability was the

responsibility of Plaintiffs Foday S. Fofanah and Hawa Fofanah pursuant to **Tex. Tax Code §** **32.07**.

THE COURT FURTHER FINDS that Rockwall Rental Properties, LP incurred $4,905.00 in reasonable and necessary attorney's fees along with $82.31 of costs of court and these amounts are equitable and just pursuant to **Texas Civil Practice & Remedies Code § 37**.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Rockwall Rental Properties, LP is entitled to a judicial declaration pursuant to **Texas Civil Practice & Remedies Code § 37.004(a)** that Rockwall Rental Properties, LP complied with the Note, Deed of Trust, and Texas law in relation to the foreclosure of the lien on May 7, 2024 on the property with legal description as follows:

**BEING ALL THAT CERTAIN TRACT OR PARCEL OF LAND IN THE JOHN C. HALE SURVEY, A-202, KAUFMAN COUNTY, TEXAS, AND BEING ALL THAT CALLED 25.051 ACRE TRACT AS CONVEYED FROM D. W. MYERS, JR., AND DORIS E. MYERS TO JESSIE H. LAWSON ET UX, AS RECORDED IN VOLUME 1091, PAGE 169, OF THE DEED RECORDS OF KAUFMAN COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:**

**BEGINNING AT A FLAT IRON BAR FOUND FOR CORNER AT THE WEST CORNER OF SAID TRACT, SAID POINT BEING IN THE NORTHEAST LINE OF COUNTY ROAD NO. 303;**

**THENCE N43°54'00"E, ALONG THE NORTHWEST LINE OF SAID TRACT, A DISTANCE OF 1925.04 FEET TO A ½" IRON ROD FOUND FOR CORNER;**

**THENCE S45°25'33"E, A DISTANCE OF 573.32 FEET TO A ½" IRON ROD SET FOR CORNER;**

**THENCE S44°08'39"W, ALONG THE SOUTHEAST LINE OF SAID TRACT, A DISTANCE OF 1910.94 FEET TO A ½" IRON ROD SET FOR CORNER;**

**THENCE N44°38'54"W, ALONG THE NORTHEAST LINE OF COUNTY ROAD NO. 303, A DISTANCE OF 43.00 FEET TO A ½" IRON ROD SET FOR CORNER; .**

**THENCE N47°01'43"W, CONTINUING ALONG THE NORTHEAST LINE OF SAID COUNTY ROAD NO. 303, A DISTANCE OF 522.22 FEET TO THE POINT OF BEGINNING AND CONTAINING 25.052 ACRES OF LAND, MORE OR LESS.**

Summary Judgment

Page 3 of 5

278

Referred to herein as "the Property" above and for the remainder of this Judgment.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED the property taxes are the personal obligation of the person who owns or acquires a property on January 1 of the year for which the tax is imposed; that property taxes are the personal liability of the person who owns the property; and that Plaintiffs Foday S. Fofanah and Hawa Fofanah are jointly and severally liable for the ad valorem taxes paid by Defendant Rockwall Rental Properties, LP in the amount of $29,679.71.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that Plaintiffs Foday S. Fofanah and Hawa Fofanah were in default under the Note and Deed of Trust, that Defendant Rockwall Rental Properties, LP complied with the Note, Deed of Trust, and Texas law in relation to the foreclosure proceedings against Plaintiffs and Rockwall Rental Properties, LP now owns a the Property in fee simple by virtue of the Substitute Trustee's deed recorded in the Real Property Records of Kaufman County, Texas at Instrument Number 2024-0015553.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Rockwall Rental Properties, LP have and recover of and from Foday S. Fofanah and Hawa Fofanah the sum of Twenty-nine Thousand Six Hundred Seventy-nine dollars and Seventy-one cents ($29,679.71) plus attorney's fees in the amount of Four Thousand Nine Hundred Five dollars and Zero cents ($4,905.00) plus costs of court in the amount of Eighty-two dollars and Thirty-one cents ($82.31) with post-judgment interest thereon at the rate of eight and one-half percent (8.5%) per annum from the date of this judgment until paid. The total amount Foday S. Fofanah and Hawa Fofanah is liable to Rockwall Rental Properties, LP is Thirty Thousand Six Hundred Sixty-seven dollars and Two cents ($34,667.02).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs Foday S.

279

Fofanah and Hawa Fofanah take nothing on their claims.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that all other relief not given in this judgment is denied and this judgment is final and disposes of all remaining claims of all parties. Defendant Rockwall Rental Properties, LP is allowed such writs and processes as may be necessary in the enforcement and collection of this judgment.

SIGNED ON _February 11 2025_

_____
Judge Presiding

THE STATE OF TEXAS
COUNTY OF KAUFMAN

I Rhonda Hughey, District Clerk of Kaufman County, Texas do hereby certify this is a true and correct copy filed in the records of the Kaufman County District Clerk's Office. Given under my hand and seal of said office on this 18TH day of FEBRUARY 2025
RHONDA HUGHEY, DISTRICT CLERK
Kaufman County, Texas

By _____ DEPUTY

Summary Judgment



# EXHIBIT B

Electronically Serv
Filed: 4/4/2025 9:37 AM 4/8/2025 11:53 A
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Brandy Thomas

## CAUSE NO. 118630-422

| | | |
|---|---|---|
| FODAY S. FOFANAH, HAWA FOFANAH and ALL OTHER OCCUPANTS of 1576 CR 303 TERRELL, TEXAS 75160, *Plaintiff* | § § § § § § § § § § § § § § § | IN THE DISTRICT COURT |
| | | 422ND JUDICIAL DISTRICT |
| v. | | |
| ROCKWALL RENTAL PROPERTIES, LP *Defendant* | | KAUFMAN COUNTY, TEXAS |

### ORDER ON PLAINTIFFS' MOTION TO REINSTATE

ON April 3, 2025, came before the Court for consideration the Plaintiffs' Motion to Reinstate filed Hawa Fofanah. The Court, after examining the pleadings timely filed, the motion, any responses filed, and the evidence admitted for consideration, determined that the Motion to Reinstate should be **DENIED**.

SIGNED ON _____4/4/2025_____

_____
Judge Presiding

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nicole Pool on behalf of James Richards
Bar No. 24091810
nicole@jnrichardslawpc.com
Envelope ID: 99269026
Filing Code Description: Proposed Order
Filing Description: Order Denying Plaintiff's Motion to Reinstate
Status as of 4/4/2025 9:38 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nate Richards | | nate@jnr.law | 4/3/2025 6:20:30 PM | SENT |
| Whitney Richards | | whitney@jnr.law | 4/3/2025 6:20:30 PM | SENT |
| Nicole Pool | | nicole@jnrichardslawpc.com | 4/3/2025 6:20:30 PM | SENT |
| Clayton Gaddis | | clayton@jnr.law | 4/3/2025 6:20:30 PM | SENT |
| Kimberly Mitchell | | kimberly@jnr.law | 4/3/2025 6:20:30 PM | SENT |
| Hawa Fofanah | | Hawajay22@gmail.com | 4/3/2025 6:20:30 PM | SENT |
| FODAY SFOFANAH | | Fodayrado2016@gmail.com | 4/3/2025 6:20:30 PM | SENT |

# TAB E

Tab E - Promissory Note
(CR 134-136)

19-428559-RW

## PROMISSORY NOTE

DATE:         January 14 , 2020

BORROWER:   **Foday Fofanah and Hawa Fofanah**

BORROWER'S MAILING ADDRESS:    1576 CR 303, Terrell, TX 75160

PAYEE:       **Rockwall Rental Properties, LP, a Texas limited partnership**

PLACE FOR PAYMENT:    P.O. Box 818, Terrell, TX 75160

PRINCIPAL AMOUNT:    **$377,000.00**

ANNUAL INTEREST RATE ON
UNPAID PRINCIPAL FROM DATE:     **Eight percent (8.0%)**

ANNUAL INTEREST RATE ON
MATURED, UNPAID AMOUNTS:        Will bear interest at the rate of 1.5% per month or at
the highest lawful rate, whichever is less.

MATURITY DATE:                 **January 28, 2023**

TERMS OF PAYMENT (Principal and Interest):

   Principal and interest on this Note shall be due and payable in **35 monthly installments of $3,000.00 or more each, and one final balloon payment of $360,272.69**, installments are payable on the **28th** day of each calendar month, beginning **February 28, 2020** and continuing regularly and monthly thereafter until maturity when the entire amount of principal and interest are due and payable.  Payments will be applied first to accrued interest and the remainder to reduction of the Principal Amount.

   Borrower may prepay all or any part of the principal of this Note before maturity without penalty, and interest shall immediately cease to accrue on any amount so prepaid.

Security for Payment: The note is secured by a vendor's lien and superior title retain in a deed of even date herein from **Rockwall Rental Properties, LP, a Texas limited partnership** to Borrower and by a deed of trust of even date, executed by Borrower herein to William C. Shaddock, Trustee, which covers the following real property, to wit:

**BEING all that certain tract or parcel of land in the John C. Hale Survey, A-202, Kaufman County, Texas, and being all that called 25.051 acre tract as conveyed from D. W. Myers, Jr., and Doris E. Myers to Jessie H. Lawson et ux, as recorded in Volume 1091, Page 169, of the Deed Records of Kaufman County, Texas, and being more particularly described as follows:**

Exhibit 1 to RRP MSJ                    Page 3 of 15

134

**BEGINNING** at a flat iron bar found for corner at the west corner of said tract, said point being in the northeast line of County Road No. 303;

**THENCE N43°54'00"E**, along the northwest line of said tract, a distance of 1925.04 feet to a 1/2" iron rod found for corner;

**THENCE S45°25'33"E**, a distance of 573.32 feet to a 1/2" iron rod set for corner;

**THENCE S44°08'39"W**, along the southeast line of said tract, a distance of 1910.94 feet to a 1/2" iron rod set for corner;

**THENCE N44°38'54"W**, along the northeast line of County Road No. 303, a distance of 43.00 feet to a 1/2" iron rod set for corner;

**THENCE N47°01'43"W**, continuing along the northeast line of said County Road No. 303, a distance of 522.22 feet to the **POINT OF BEGINNING** and containing 25.052 acres of land, more or less.

Borrower promises to pay to the order of Lender the Principal Amount plus interest at the Annual Interest Rate. This note is payable at the Place for Payment and according to the Terms of Payment. All unpaid amounts are due by the Maturity Date. If any amount is not paid either when due under the Terms of Payment or on acceleration of maturity, Borrower promises to pay any unpaid amount plus interest from the date the payment was due to the date of payment at the Annual Interest Rate on Matured, Unpaid Amounts.

If Borrower defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Lender may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately due. Borrower and each surety, endorser, and guarantor waive, to the extent permitted by law, all (1) demand for payment, (2) presentation for payment, (3) notice of intention to accelerate maturity, (4) notice of acceleration of maturity, (5) protest, [and] (6) notice of protest.

Borrower also promises to pay reasonable attorney's fees and court and other costs if this note is placed in the hands of an attorney to collect or enforce the note. These expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts. Borrower will pay Lender these expenses and interest on demand at the Place for Payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the Principal Amount or, if the Principal Amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the Principal Amount or, if the Principal Amount has been paid, refunded. This provision overrides any conflicting provisions in this note and all other instruments concerning the debt.

Exhibit 1 to RRP MSJ                    Page 4 of 15

Each Borrower is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

In the event any installment shall become overdue for a period of ten (10) days, a charge of 5.0% may be charged by the holder hereof for the purpose of defraying the expense incident to handling such delinquent payments.

_____
Foday Fofanah

_____
Hawa Fofanah

Exhibit 1 to RRP MSJ          Page 5 of 15

136

# TAB F

Tab F - Deed of Trust (CR
137-144)

19-428559-RW

## Deed of Trust

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.**

### Terms

Date: January 14 , 2020

Grantor: **Foday Fofanah and Hawa Fofanah**

Grantor's Mailing Address: 1576 CR. 303 Terrell, TX 75160

Trustee[s]: **William C. Shaddock**

Trustee's Mailing Address[es]: 2400 Dallas Parkway, Suite 560, Plano, Texas 75093

Lender: **Rockwall Rental Properties, LP, a Texas limited partnership**

Lender's Mailing Address: P.O. Box 818, Terrell, TX 75160

Obligation

Note

Date: **January 14 , 2020**

Original principal amount: **$377,000.00**

Borrower: **Foday Fofanah and Hawa Fofanah**

Lender: **Rockwall Rental Properties, LP, a Texas limited partnership**

Maturity date: **January 28, 2023**

Property (including any improvements):

**BEING all that certain tract or parcel of land in the John C. Hale Survey, A-202, Kaufman County, Texas, and being all that called 25.051 acre tract as conveyed from D. W. Myers, Jr., and Doris E. Myers to Jessie H. Lawson et ux, as recorded in Volume 1091, Page 169, of the Deed Records of Kaufman County, Texas, and being more particularly described as follows:**

Exhibit 1 to RRP MSJ                    Page 6 of 15

137

BEGINNING at a flat iron bar found for corner at the west corner of said tract, said point being in the northeast line of County Road No. 303;

THENCE N43°54'00"E, along the northwest line of said tract, a distance of 1925.04 feet to a 1/2" iron rod found for corner;

THENCE S45°25'33"E, a distance of 573.32 feet to a 1/2" iron rod set for corner;

THENCE S44°08'39"W, along the southeast line of said tract, a distance of 1910.94 feet to a 1/2" iron rod set for corner;

THENCE N44°38'54"W, along the northeast line of County Road No. 303, a distance of 43.00 feet to a 1/2" iron rod set for corner;

THENCE N47°01'43"W, continuing along the northeast line of said County Road No. 303, a distance of 522.22 feet to the POINT OF BEGINNING and containing 25.052 acres of land, more or less.

Other Exceptions to Conveyance and Warranty:

For value received and to secure payment of the Obligation, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantor's expense.

### Clauses and Covenants

A.   **Grantor's Obligations**

Grantor agrees to—

1.   keep the Property in good repair and condition;

2.   pay all taxes and assessments on the Property before delinquency, not authorize a taxing entity to transfer its tax lien on the Property to anyone other than Lender, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

3.   defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

4.   maintain all insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Lender, and deliver evidence of the Required Insurance Coverages in a form acceptable to Lender at least ten days before the expiration of the Required Insurance Coverages;

Exhibit 1 to RRP MSJ                    Page 7 of 15

138

5.      obey all laws, ordinances, and restrictive covenants applicable to the Property;

6.      keep any buildings occupied as required by the Required Insurance Coverages;

7.      if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8.      notify Lender of any change of address.

**B.    Lender's Rights**

1.      Lender or Lender's mortgage servicer may appoint in writing one or more substitute trustees, succeeding to all rights and responsibilities of Trustee.

2.      If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

3.      Lender may apply any proceeds received under the property insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantor's primary residence and Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the property insurance proceeds available to Grantor for repairs.

4.      Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

5.      If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6.      If a default exists in payment of the Obligation or performance of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may—

      a.      declare the unpaid principal balance and earned interest on the Obligation immediately due;

      b.      exercise Lender's rights with respect to rent under the Texas Property Code as then in effect;

      c.      direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

  d.  purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.

  7.  Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

## C. Trustee's Rights and Duties

If directed by Lender to foreclose this lien, Trustee will—

  1.  either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

  2.  sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

  3.  from the proceeds of the sale, pay, in this order—

    a.  expenses of foreclosure, including a reasonable commission to Trustee;

    b.  to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

    c.  any amounts required by law to be paid before payment to Grantor; and

    d.  to Grantor, any balance; and

  4.  be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

## D. General Provisions

  1.  If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

  2.  Recitals in any trustee's deed conveying the Property will be presumed to be true.

  3.  Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

  4.  This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

Exhibit 1 to RRP MSJ    Page 9 of 15

140

5. If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6. Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

7. Grantor collaterally assigns to Lender all present and future rent from the Property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the Obligation and performance of this deed of trust, but if the rent exceeds the amount due with respect to the Obligation and the deed of trust, Grantor may retain the excess. If a default exists in payment of the Obligation or performance of this deed of trust, Lender may exercise Lender's rights with respect to rent under the Texas Property Code as then in effect. Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent collected under this paragraph as required by the Texas Property Code as then in effect. Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies.

8. Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9. In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10. If Grantor transfers any part of the Property without Lender's prior written consent, Lender may declare the Obligation immediately payable and invoke any remedies provided in this deed of trust for default. If the Property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the Property; (b) creation of a purchase-money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a co-Grantor; (d) grant of a leasehold interest of three years or less without an option to purchase; (e) transfer to a spouse or children of Grantor or between co-Grantors; (f) transfer to a relative of Grantor on Grantor's death; (g) a transfer resulting from a decree of a dissolution of marriage, a legal separation

Exhibit 1 to RRP MSJ                    Page 10 of 15

141

agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the Property; or (h) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the Property.

11. Grantor may not sell, transfer, or otherwise dispose of any Property, whether voluntarily or by operation of law, without the prior written consent of Lender. If granted, consent may be conditioned upon (a) the grantee's integrity, reputation, character, creditworthiness, and management ability being satisfactory to Lender; and (b) the grantee's executing, before such sale, transfer, or other disposition, a written assumption agreement containing any terms Lender may require, such as a principal pay down on the Obligation, an increase in the rate of interest payable with respect to the Obligation, a transfer fee, or any other modification of the Note, this deed of trust, or any other instruments evidencing or securing the Obligation.

Grantor may not cause or permit any Property to be encumbered by any liens, security interests, or encumbrances other than the liens securing the Obligation and the liens securing ad valorem taxes not yet due and payable without the prior written consent of Lender. If granted, consent may be conditioned upon Grantor's executing, before granting such lien, a written modification agreement containing any terms Lender may require, such as a principal pay down on the Obligation, an increase in the rate of interest payable with respect to the Obligation, an approval fee, or any other modification of the Note, this deed of trust, or any other instruments evidencing or securing the Obligation.

Grantor may not grant any lien, security interest, or other encumbrance (a "Subordinate Instrument") covering the Property that is subordinate to the liens created by this deed of trust without the prior written consent of Lender. If granted, consent may be conditioned upon the Subordinate Instrument's containing express covenants to the effect that—

    a. the Subordinate Instrument is unconditionally subordinate to this deed of trust;

    b. if any action is instituted to foreclose or otherwise enforce the Subordinate Instrument, no action may be taken that would terminate any occupancy or tenancy without the prior written consent of Lender, and that consent, if granted, may be conditioned in any manner Lender determines;

    c. rents, if collected by or for the holder of the Subordinate Instrument, will be applied first to the payment of the Obligation then due and to expenses incurred in the ownership, operation, and maintenance of the Property in any order Lender may determine, before being applied to any indebtedness secured by the Subordinate Instrument;

    d. written notice of default under the Subordinate Instrument and written notice of the commencement of any action to foreclose or otherwise enforce the Subordinate Instrument must be given to Lender concurrently with or immediately after the occurrence of any such default or commencement; and

142

e.      in the event of the bankruptcy of Grantor, all amounts due on or with respect to the Obligation and this deed of trust will be payable in full before any payments on the indebtedness secured by the Subordinate Instrument.

Grantor may not cause or permit any of the following events to occur without the prior written consent of Lender: if Grantor is (a) a corporation, the dissolution of the corporation or the sale, pledge, encumbrance, or assignment of any shares of its stock; (b) a limited liability company, the dissolution of the company or the sale, pledge, encumbrance, or assignment of any of its membership interests; (c) a general partnership or joint venture, the dissolution of the partnership or venture or the sale, pledge, encumbrance, or assignment of any of its partnership or joint venture interests, or the withdrawal from or admission into it of any general partner or joint venturer; or (d) a limited partnership, (i) the dissolution of the partnership, (ii) the sale, pledge, encumbrance, or assignment of any of its general partnership interests, or the withdrawal from or admission into it of any general partner, (iii) the sale, pledge, encumbrance, or assignment of a controlling portion of its limited partnership interests, or (iv) the withdrawal from or admission into it of any controlling limited partner or partners. If granted, consent may be conditioned upon (a) the integrity, reputation, character, creditworthiness, and management ability of the person succeeding to the ownership interest in Grantor (or security interest in such ownership) being satisfactory to Lender; and (b) the execution, before such event, by the person succeeding to the interest of Grantor in the Property or ownership interest in Grantor (or security interest in such ownership) of a written modification or assumption agreement containing such terms as Lender may require, such as a principal pay down on the Obligation, an increase in the rate of interest payable with respect to the Obligation, a transfer fee, or any other modification of the Note, this deed of trust, or any other instruments evidencing or securing the Obligation.

12.     When the context requires, singular nouns and pronouns include the plural.

13.     The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

14.     This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

15.     If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

16.     Grantor and each surety, endorser, and guarantor of the Obligation waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, and (f) notice of protest, and (g) rights under sections 51.003, 51.004, and 51.005 of the Texas Property Code.

17.     Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

Exhibit 1 to RRP MSJ                    Page 12 of 15

143

18.     If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

19.     The term *Lender* includes any mortgage servicer for Lender.

20.     Grantor represents that this deed of trust and the Note are given for the following purposes: The debt evidenced by the Note is in part payment of the purchase price of the Property; the debt is secured both by this deed of trust and by a vendor's lien on the Property, which is expressly retained in a deed to Grantors of even date. This deed of trust does not waive the vendor's lien, and the two liens and the rights created by this deed of trust are cumulative. Lender may elect to foreclose either of the liens without waiving the other or may foreclose both.

EXECUTED this 15th day of January, 2020.

Foday Fofanah

Hawa Fofanah

THE STATE OF TEXAS          §
                            §
COUNTY OF Rockwell          §

Before me, a Notary Public, the foregoing instrument was acknowledged on 15th day of January, 2020, by **Foday Fofanah and Hawa Fofanah** who personally appeared before me, and who is known to me through TX Drivers License to be the person(s) who executed it for the purposes and consideration expressed therein, and in the capacity stated.



JULIE BARROW
Notary Public
State of Texas
ID # 262686-1
My Comm. Expires 08-18-2022

NOTARY PUBLIC, STATE OF TX

AFTER RECORDING RETURN TO:

PO Box 818
Terrell, TX 75160

PREPARED IN THE LAW OFFICE OF:
SHADDOCK & ASSOCIATES, P. C.
2400 N. DALLAS PARKWAY, STE. 560
PLANO, TEXAS 75093

Exhibit 1 to RRP MSJ          Page 13 of 15          144

# TAB G

Tab G - Notice under Texas
Property Code § 51.002(d)
(CR 150-154)



**RICHARDS LAW**
RICHARDSLAWTX.COM

**James Nathan Richards**
Attorney-at-Law

March 15, 2024                                      Via: CMRR 9589 0710 5270 1041 4026 83
Foday Fofanah                                      and USPS First Class Mail
Hawa Fofanah
1576 County Road 303
Terrell, TX 75160

Re: Deed of Trust dated 01/14/2020 in the original amount of $377,000.00 being executed by Foday Fofanah and Hawa Fofanah, in favor of Rockwall Rental Properties, LP, and being recorded in Instrument No. 2020-0001931 of the Real Property Records of Kaufman County, Texas.

Dear Sir and/or Madam,

You are notified that if the default is not cured within twenty (20) days from the date of posting of this letter, Rockwall Rental Properties, LP intends to enforce its rights under the loan documents. Specifically, Rockwall Rental Properties, LP intends to "ACCELERATE" the maturity of the note and demand payment for the full unpaid principal balance, together with accrued but unpaid interest and all fees and expenses, as allowed by law. If the amount due is not timely paid, Rockwall Rental Properties, LP intends to foreclose the lien under the loan documents unless you pay the amounts that are currently due:

| $546,655.00 | Principal and Interest |
|---|---|
| $300.00 | Attorney Fees Due |
| **$546,955.00** | **Total Amount Due*** |

**Please make payment of $546,955.00 to J.N. RICHARDS LAW IOLTA using the following payment method.**

| PAYMENT INSTRUCTIONS | |
|---|---|
| **CERTIFIED FUNDS** | • Make funds payable to Richards Law IOLTA<br>• Include your property address or loan number<br>• Mail payment to:<br>  Richards Law Firm<br>  407 E. Corsicana Street<br>  Athens, Texas 75751 |
| **QUESTIONS?** | • Call 903-676-9202<br>• Email: whitney@jnrichardslawpc.com |

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days from after receipt of this notice, the debt will be assumed to be valid by the undersigned. If you notify the undersigned in writing within thirty (30) days from the receipt of this letter that the debt or any portion thereof is disputed, I will obtain verification of the debt, and I will mail a copy of the verification to you. Upon your written request, within the thirty (30) day period for the verification, I will provide you with the name and address of the original creditor. These thirty (30) day periods do not alter, waive, or affect

Exhibit 2 to RRP MSJ                                                      Page 3 of 20



# RICHARDS LAW
RICHARDSLAWTX.COM

**James Nathan Richards**
**Attorney-at-Law**

the time for payment set forth above. You shall have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you might have to acceleration and foreclosure.

"**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**"

*This law firm is a debt collector attempting to collect a debt. Any information obtained by it will be used for that purpose.*

Sincerely,

James Nathan Richards, Attorney
J.N. Richards Law, P.C.

# USPS Tracking®

**Tracking Number:**

Remove ✕

## 9589071052701041402683

Copy      Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

We were unable to deliver your package at 11:13 am on April 15, 2024 in ATHENS, TX 75751 because the business was closed. We will redeliver on the next business day. No action needed.

___

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

**Delivery Attempt**
**Redelivery Scheduled for Next Business Day**

ATHENS, TX 75751
April 15, 2024, 11:13 am

**In Transit to Next Facility**

April 13, 2024

**Arrived at USPS Regional Facility**

COPPELL TX DISTRIBUTION CENTER
April 12, 2024, 12:02 pm

**Unclaimed/Being Returned to Sender**

TERRELL, TX 75160
April 10, 2024, 8:15 am

**Reminder to Schedule Redelivery of your item**

March 24, 2024

**Notice Left (No Authorized Recipient Available)**

TERRELL, TX 75160

Feedback

Exhibit 2 to RRP MSJ                                    Page 5 of 20
https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=9589071052701041402683%2C&tABt=false      1/3

March 19, 2024, 12:48 pm

**Arrived at USPS Regional Origin Facility**

DALLAS TX DISTRIBUTION CENTER

March 17, 2024, 8:00 am

**Arrived at USPS Regional Origin Facility**

COPPELL TX DISTRIBUTION CENTER

March 16, 2024, 8:59 pm

**Departed Post Office**

ATHENS, TX 75751

March 16, 2024, 7:20 pm

**USPS picked up item**

ATHENS, TX 75751

March 16, 2024, 9:58 am

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

| Text & Email Updates | ⌄ |
|---|---|

| USPS Tracking Plus® | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

**See Less** ∧

Track Another Package

| Enter tracking or barcode numbers |
|---|

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

# TAB H

Tab H - Payment Ledger
(CR 145-146)

Foday Fofanah and ☐awa Fofanah Note - Rockwall Rental Properties

Compound Period ......... :  Monthly

Nominal Annual Rate .... :  8.000 ☐

CAS☐ FL☐☐W DATA

|   | ☐vent | Date | Amount | Number | Period | ☐nd Date |
|---|-------|------|--------|--------|--------|----------|
| 1 | Loan | 01/14/2020 | 377,000.00 | 1 | | |
| 2 | Payment | 03/09/2020 | 3,000.00 | 1 | | |
| 3 | Payment | 04/28/2020 | 3,000.00 | 1 | | |
| 4 | Payment | 06/17/2020 | 3,000.00 | 1 | | |
| 5 | Payment | 08/19/2020 | 9,000.00 | 1 | | |
| 6 | Payment | 10/08/2020 | 6,000.00 | 1 | | |
| 7 | Payment | 11/20/2020 | 3,000.00 | 1 | | |
| 8 | Payment | 12/15/2020 | 3,000.00 | 1 | | |
| 9 | Payment | 01/21/2021 | 3,000.00 | 1 | | |
| 10 | Payment | 04/22/2021 | 6,000.00 | 1 | | |
| 11 | Payment | 05/11/2021 | 3,000.00 | 1 | | |
| 12 | Payment | 06/11/2021 | 3,000.00 | 1 | | |
| 13 | Payment | 07/22/2021 | 3,000.00 | 1 | | |
| 14 | Payment | 08/11/2021 | 3,000.00 | 1 | | |
| 15 | Payment | 09/21/2021 | 3,000.00 | 1 | | |
| 16 | Rate Change | 09/21/2021 | Rate: 18.000 ☐ | | Compounding: Monthly | |
| 17 | Payment | 06/16/2022 | 24,000.00 | 1 | | |
| 18 | Payment | 08/01/2022 | 3,000.00 | 1 | | |
| 19 | Payment | 02/23/2024 | 9,000.00 | 1 | | |
| 20 | Payment | 05/07/2024 | 550,437.21 | 1 | | |

AM☐RTI☐ATI☐N SC☐☐DUL☐ - Normal Amortization

|   | Date | Payment | Interest | Principal | Balance |
|---|------|---------|----------|-----------|---------|
| Loan | 01/14/2020 | | | | 377,000.00 |
| 1 | 03/09/2020 | 3,000.00 | 4,676.04 | 1,676.04- | 378,676.04 |
| 2 | 04/28/2020 | 3,000.00 | 4,111.97 | 1,111.97- | 379,788.01 |
| 3 | 06/17/2020 | 3,000.00 | 4,124.05 | 1,124.05- | 380,912.06 |
| 4 | 08/19/2020 | 9,000.00 | 5,264.97 | 3,735.03 | 377,177.03 |
| 5 | 10/08/2020 | 6,000.00 | 4,178.91 | 1,821.09 | 375,355.94 |
| 6 | 11/20/2020 | 3,000.00 | 3,496.19 | 496.19- | 375,852.13 |
| 7 | 12/15/2020 | 3,000.00 | 2,059.46 | 940.54 | 374,911.59 |
| 2020 Totals | | 30,000.00 | 27,911.59 | 2,088.41 | |
| 8 | 01/21/2021 | 3,000.00 | 2,995.73 | 4.27 | 374,907.32 |
| 9 | 04/22/2021 | 6,000.00 | 7,632.07 | 1,632.07- | 376,539.39 |
| 10 | 05/11/2021 | 3,000.00 | 1,568.05 | 1,431.95 | 375,107.44 |
| 11 | 06/11/2021 | 3,000.00 | 2,500.72 | 499.28 | 374,608.16 |
| 12 | 07/22/2021 | 3,000.00 | 3,406.57 | 406.57- | 375,014.73 |
| 13 | 08/11/2021 | 3,000.00 | 1,643.90 | 1,356.10 | 373,658.63 |

Exhibit 1 to RRP MSJ                    Page 14 of 15

145

Foday Fofanah and ▢awa Fofanah Note - Rockwall Rental Properties

| Date | | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| 14 | 09/21/2021 | 3,000.00 | 3,315.50 | 315.50- | 373,974.13 |
| Rate | 09/21/2021 | | 0.00 | 0.00 | 373,974.13 |
| | 09/21/2021 | Rate: 18.000 ▢ | Compounding: Monthly | | |
| 2021 Totals | | 24,000.00 | 23,062.54 | 937.46 | |
| | | | | | |
| 15 | 06/16/2022 | 24,000.00 | 52,498.81 | 28,498.81- | 402,472.94 |
| 16 | 08/01/2022 | 3,000.00 | 9,058.95 | 6,058.95- | 408,531.89 |
| 2022 Totals | | 27,000.00 | 61,557.76 | 34,557.76- | |
| | | | | | |
| 17 | 02/23/2024 | 9,000.00 | 131,352.97 | 122,352.97- | 530,884.86 |
| 18 | 05/07/2024 | 550,437.21 | 19,552.35 | 530,884.86 | 0.00 |
| 2024 Totals | | 559,437.21 | 150,905.32 | 408,531.89 | |
| | | | | | |
| ▢rand Totals | | 640,437.21 | 263,437.21 | 377,000.00 | |

Exhibit 1 to RRP MSJ     Page 15 of 15

146

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Thomas Smith on behalf of Thomas Smith
Bar No. 24110379
max@jnrichardslawpc.com
Envelope ID: 104594741
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Appellee's Brief
Status as of 8/20/2025 8:51 AM CST

Associated Case Party: Foday Fofanah

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Foday Fofanah | | fodayrado2016@gmail.com | 8/20/2025 8:34:22 AM | SENT |

Associated Case Party: Hawa Fofanah

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Hawa Fofanah | | hawajay22@gmail.com | 8/20/2025 8:34:22 AM | SENT |

Associated Case Party: Rockwall Rental Properties, LP

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Thomas Smith | | max@texaslawsmith.com | 8/20/2025 8:34:22 AM | SENT |
| Andrew Bergeron | | abergeron@texaslawsmith.com | 8/20/2025 8:34:22 AM | SENT |
| TMS Law Texas | | service@texaslawsmith.com | 8/20/2025 8:34:22 AM | SENT |
| Nate Richards | | nate@jnr.com | 8/20/2025 8:34:22 AM | SENT |
| Whitney Richards | | whitney@jnr.law | 8/20/2025 8:34:22 AM | SENT |
| Nicole Pool | | nicole@jnrichardslawpc.com | 8/20/2025 8:34:22 AM | SENT |
| Clayton Gaddis | | clayton@jnr.law | 8/20/2025 8:34:22 AM | SENT |
| Thomas Smith | | max@jnrichardslawpc.com | 8/20/2025 8:34:22 AM | SENT |